Pasqualo Streppone, Respondent, *v.* William F. Lennon, Appellant.

A provision in a building contract that the contractor will "do" a certain amount of "brick work" may mean simply the work of laying the brick, or it may include the furnishing as well as laying them, and parol evidence is competent in such case to show the sense in which the parties used the words.

(Argued June 6, 1894; decided June 19, 1894.)

Appeal from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made March 24, 1894, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought to foreclose a mechanic's lien for a balance due for services rendered and material furnished by plaintiff in the erection of certain houses for defendant in the city of New York, and for a reformation of the contract under which the services were rendered and materials furnished. The contract, after providing that plaintiff shall do all the digging necessary, is in these words:

"I also agree to do all the mason work below the first tier of beams (except brick piers), including area walls, pier foundations, etc., etc., and furnish all the building stone for the same, for the sum of eight cents per cubic foot, measured in the wall, all openings to count solid, all walls to count two feet thick, all stones to lay flat, all walls to be well bonded, built to a line and both sides properly pointed, levelled up at least every three feet in height and have headers running through the wall at least every three feet in height and every four feet in length.

"This estimate includes all brick work below the first tier of beams, except the piers under the girder.

"I also agree to furnish and lay in position all the bottom stones, for the sum of thirty-six cents per running foot, said stones to be not less than three feet long, two feet wide and one foot thick.

"All said work to be done to your satisfaction and in a good workmanlike manner, and to be paid for when completed."

Further facts are stated in the opinion, which is given in full:

"The substantial question argued in this case respects the construction of one sentence in the written contract between the parties. The work which the plaintiff contracted to do was a certain amount of excavation and mason work necessary for the construction of five houses. In the plaintiff's proposition he said: 'I also agree to do all the mason work below the first tier of beams,' and added, 'This estimate includes all brickwork below the first tier of beams except the piers under the girder.' The plaintiff did the stipulated work, but did not furnish the brick, and called upon defendant for them, who supplied them, and now seeks to charge their value against plaintiff's claim on the ground that the contract required him to furnish them. Evidence was given, under objection, to show what the parties themselves meant and understood by the disputed language, and also what it meant in the usage of the trade; the defendant insisting that such proof was inadmissible because the written contract required plaintiff to furnish the brick, and needing no explanation, could not be contradicted; while the

plaintiff insists that the writing requiring him to do the brickwork did not include the furnishing of the material, and at all events was sufficiently ambiguous to justify a parol explanation.

"An agreement to 'do' an amount of 'brickwork' may mean simply to perform the work of laying the brick, or in addition to furnish the brick as well as lay them. A recurrence to another portion of the contract throws some light upon the interpretation. The plaintiff in agreeing to do the stone work, describes it as 'mason work,' but adds 'and furnish all the building stone for same.' He evidently understood that 'mason' work meant only the labor, unless coupled with an agreement to furnish the materials: and since no such agreement accompanied the proposition to do the brickwork it is a natural supposition that only the labor was intended. Plaintiff called upon defendant for cement, which the latter furnished, and concedes he was to furnish, and in exactly the same manner he was called upon to furnish and did furnish the brick, making no objection and expressing no surprise, and in making payments he seriously overpaid the plaintiff if the latter was to be charged with the brick. The plaintiff's construction is, therefore, both the possible and reasonable one, and at all events shows that the contract language, if not conclusive in plaintiff's favor, was at least ambiguous and open to explanation. The plaintiff testified that the bargain as made, and which was meant to be repeated in the contract, was for the work alone, while the defendant swears that it explicitly included the brick. I think the parol evidence was competent, and that the writing did not conclusively put upon plaintiff the burden of supplying the brick.

"No other question in the case needs comment.

"The judgment should be affirmed, with costs."

*James Kearney* for appellant.

*Lorenzo Ullo* for respondent.

All concur.
Judgment affirmed.