Frank B. Lyon, Respondent, *v.* Western New York and Pennsylvania Railroad Company, Appellant.

*Common carrier — liability for transportation to a place beyond its line — parol evidence to vary a bill of lading.*

Where a common carrier, in an action brought against it to recover the damages resulting from its delay in the shipment of perishable property, admits by its answer that it agreed to transport the property to a point beyond its line, it is liable for damages caused by the negligence of its connecting carrier.

Where a bill of lading fails to state the kind of car in which goods are to be shipped, testimony that the carrier agreed to transport them in a ventilated car, and that the injury resulted in part from their shipment in a common car, is admissible.　The reception of such evidence is not a violation of the rule that parol evidence cannot be given to vary or contradict a written instrument.

Appeal by the defendant, the Western New York and Pennsylvania Railroad Company, from a judgment of the County Court of Allegany county in favor of the plaintiff, entered in the office of the clerk of said county on the 19th day of March, 1894, affirming the judgment of a justice of the peace of the town of Cuba, Allegany county, and also from an order entered in said clerk's office on the 17th day of March, 1894, affirming the judgment of the said justice.

*Allen J. Hastings*, for the appellant.

*Frank M. Todd*, for the respondent.

Lewis, J.:

The plaintiff on the 8th day of July, 1889, at the village of Cuba, shipped by the defendant's road 900 dozen of eggs, consigned to a firm at Wilkesbarre, Penn., which the defendant, for value received, agreed to transport with reasonable dispatch and delivery to plaintiff's consignee at Wilkesbarre, in the State of Pennsylvania.

Plaintiff claimed that the defendant failed to perform its agreement with reasonable dispatch, and in consequence of such negli-

gence the eggs, when delivered, were in a decayed and broken condition to plaintiff's damage.

The evidence as returned by the justice is very brief and fragmentary, and fails to give a very satisfactory statement of what occurred upon the trial. It is conceded by the pleadings that the defendant received the eggs from the plaintiff and agreed, for a consideration, to transport them as stated above. The defendant gave evidence tending to show that it delivered the eggs with reasonable dispatch to the Delaware, Lackawanna and Western Railroad Company, a connecting common carrier, and claims that if the eggs were injured by delay in their delivery it was the result of the negligence of the Delaware, Lackawanna and Western Railroad Company and not of the defendant. The justice's return contains what purports to be a copy of a bill of lading delivered to the plaintiff at the time of the shipment of the eggs.

We assume that the copy returned was the one testified to by defendant's agent, although the justice's return fails to so state. Upon the copy thus returned appear to be some letters, words and figures which are claimed by the defendant to mean that the defendant's contract was to deliver the eggs to the connecting road mentioned. The testimony fails to explain the meaning of the figures and letters referred to, and without some explanation we are not informed as to their meaning. The plaintiff's evidence tended to show that he filled out at the time of the shipment a blank bill of lading furnished him by the defendant's agent, and that one copy thereof was delivered to him; that at the time it was delivered to him it did not contain the letters, words and figures referred to, but that they must have been inserted by the agent or some other official of the defendant after the execution and delivery of the bill of lading and after the shipment of the eggs. This evidence does not appear from the justice's return to have been contradicted.

The defendant having admitted by its answer that it agreed to transport the eggs to Wilkesbarre, it was liable for damages caused by the negligence of its connecting road. (*Jennings* v. *G. T. Ry.*, 127 N. Y. 438.)

The plaintiff testified that the defendant agreed to transport the eggs in a ventilated car and that it failed so to do, and that the injury to the eggs resulted in part from their being shipped in a

common unventilated car. The objection of the defendant, that this testimony was inadmissible for the reason that it tended to vary or contradict the terms of the bill of lading, was not, we think, well taken; there was nothing in the copy of the instrument returned stating the kind of car to be used. The evidence, we think, fairly established the plaintiff's cause of action.

The judgment appealed from should be affirmed.

DWIGHT, P. J., BRADLEY and WARD, JJ., concurred.

Judgment of Allegany County Court affirmed, with costs.