(12 App. Div. 617.)

## McKEE v. DE WITT.

(Supreme Court, Appellate Division, Third Department.   January 12, 1897.)

PAROL EVIDENCE—TO EXPLAIN WRITING.

Parol testimony is admissible to show what was meant by the words "without damage," in a contract to deliver potatoes by boat at a given point for a specified price, plaintiff to pay towage, and defendant guarantying "to return the boat without damage."

Appeal from trial term, Washington county.

Action by James G. McKee against Charles F. De Witt. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

The plaintiff sought to recover damages to a part of a cargo of potatoes upon the boat Quebec, which was sunk at Blackwell's Island, whither it had proceeded to deliver to defendant potatoes under an agreement, of which the following is a copy:

"New York, January 23d, 1895.

"Received this day from C. F. De Witt one hundred dollars ($100) on account of Peerless potatoes on the boat Quebec, sold to said De Witt this day for one dollar and fifty cents ($1.50) per bbl. of 172 lbs., delivered at Blackwell's Island. De Witt guaranties to return the boat without damage.   McKee to pay the towing.                                        James G. McKee.
"Charles F. De Witt."

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Thomas W. McArthur, for appellant.
Edgar T. Brackett, for respondent.

LANDON, J. The written contract is so meager in its statements that it cannot be understood without understanding the situation as it existed at the time it was given. Parol evidence was therefore proper to give the court such an understanding of the situation as would enable it to understand the contract. The evidence given by the plaintiff was to the effect that the plaintiff had a cargo of potatoes upon the canal boat Quebec, lying at pier 6, East river; that the defendant proposed to buy 1,169 barrels of the potatoes at $1.50 per barrel, if plaintiff would deliver them at Blackwell's Island. The plaintiff owned no interest in the boat. [The plaintiff said to the defendant that Blackwell's Island was a hazardous place to take the boat to. The defendant said it was perfectly safe. The plaintiff said, "If it is, you will not have any objection to guarantying that I would not sustain any loss to my boat or cargo in going there." To which defendant said that he was willing to stand between the plaintiff and any loss he might sustain by taking the boat there]; and then this

contract was entered into. The boat was taken to Blackwell's Island, the 1,169 barrels of potatoes delivered to defendant there, but the boat was sunk by ice and heavy waves while at the island, and the unsold part of the cargo damaged. With this explanation of the situation, it is possible that the words, "De Witt guaranties to return the boat without damage," meant damage to boat and cargo. The evidence in brackets was afterwards stricken out by the court upon the motion of the defendant. Such evidence does not vary or change the contract, but helps us to understand it. Where an ambiguity in a written contract is raised by extrinsic evidence, extrinsic evidence is admissible to solve it. Bowman v. Insurance Co., 59 N. Y. 521; Streppone v. Lennon, 143 N. Y. 626, 37 N. E. 638; Tilden v. Tilden, 8 App. Div. 99, 40 N. Y. Supp. 403. The court therefore erred in striking out the evidence of the conversation between the parties as to the damage to be guarantied against. Unless the guaranty covered the cargo, it was of no value to the plaintiff, and, under the circumstances, the parties may have intended the word "damage" to apply to the cargo. The court should give the language the meaning in which the parties used it, especially when it is such as the language itself might bear.

After the contract was made, and before the boat was taken to Blackwell's Island, the defendant said to the plaintiff that he was in a hurry to have the potatoes delivered. The plaintiff said he did not want to take the boat there, without first having it insured. The defendant answered: "There is no necessity of anything of that kind. It is a perfectly safe place, and I stand between you and any harm in going there, or any loss you may sustain in going there." This evidence was competent to show the practical construction which the defendant placed upon the contract, and upon which it might be found that the plaintiff relied in going to Blackwell's Island, without first securing the insurance.

The judgment should be reversed, and new trial granted; costs to abide the event. All concur.