(23 Misc. Rep. 256.)

### VOGEL v. WEISSMANN.

(City Court of New York, General Term.　March 28, 1898.)

1. WRITTEN CONTRACTS—PAROL EVIDENCE.
　　Where a contractor in writing agrees to furnish a "door with fancy embossed glass," the owner may prove by parol that it was agreed that the door should contain oval glass.

2. HARMLESS ERROR.
　　A rejection of parol evidence to explain a written contract is cured by its subsequent admission.

3. BUILDING CONTRACTS—AGENCY—PRESUMPTION OF CONTINUANCE.
　　A contractor's son was with him in business, and attended to its details and signed the contracts, as the contractor could not read or write. After work had been done under a certain contract, the contractor sent his son to collect some money of the owner, and the son executed a receipt in the same manner that he had signed the original contract, reciting that a further

payment of a certain sum would be in full for all work done. The contractor never notified the owner that his son's agency had been revoked. *Held*, that the contractor was bound by the obligation assumed by the son: in executing said receipt.

4. SAME—PAROL EVIDENCE.

Where a contractor executed a receipt reciting that a further payment of a certain sum would be in full for all work done, his testimony that by "work done" he did not mean to include work done on extras is inadmissible.

5 SAME—PREJUDICIAL ERROR.

The admission of such testimony was reversible error, where the charge assumed that the receipt meant what the contractor intended it to mean.

Appeal from trial term.

Action by Henry Vogel against Henry A. Weissmann. From a judgment for plaintiff and an order denying a motion for new trial, defendant appeals. Reversed.

Argued before FITZSIMONS, C. J., and O'DWYER and OLCOTT, JJ.

Edward P. Schell and Abram I. Elkus, for appellant.
A. H. Berrick, for respondent.

OLCOTT, J. This is an appeal by the defendant from a judgment against him entered upon a verdict and from an order denying a motion for a new trial. The action was brought to recover upon two causes of action,—the first for labor and materials furnished pursuant to a written contract; the second for extra work incidental thereto. At the close of the case, however, all claim on the first cause of action was waived, and the case was narrowed to the claims embraced in the second cause of action. One of these last-mentioned claims was for a storm door with oval glass, furnished in place of one previously furnished with rectangular panes of glass. The last-mentioned door plaintiff claims to have been furnished in compliance with the terms of the written contract, which called for "one pine storm door with fancy embossed glass." Defendant sought to establish that at the time of the execution of the written contract is was orally specified that the door should contain oval glass, so that the door first delivered did not comply with the agreement, and that, therefore, the second door should not be charged as an extra item. In pursuance of such contention, the defendant was asked by his counsel: "Did you not, at the time the contract was signed, say to Mr. Vogel (the plaintiff) that you wanted oval storm doors, and did not Mr. Vogel agree to furnish them?" Plaintiff's counsel objected upon the ground that it was irrelevant and incompetent, and that all conversations with relation to this work were merged in the written instrument. The court sustained the objection, and defendant's counsel duly excepted. We think that the court erred in excluding this evidence, because it was not sought to vary the terms of the written instrument, but only to explain its intention, where its language was not sufficiently specific. The proposed testimony was directed to the completion and sustentation of the written contract in a respect in which it was incomplete, and not at all to an avoidance or alteration of it. Lyon v. Railroad Co., 88 Hun, 27, 34 N. Y. Supp. 532; McKee v. De Witt, 12 App. Div. 617, 43 N. Y. Supp..

132; Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961. We do not, how-ever, hold this error to be ground for reversal, because it was substan-tially cured, later in the trial, by the defendant being permitted, in response to the question, "You want this court and jury to understand that Vogel voluntarily took away the first storm door, and took away the embossed glass, and substituted cut-glass miter and oval glass, and substituted another storm door?" to answer, "Which he agreed to; yes." And again, the defendant testified: "When the original storm door was brought there I saw that it had square corners. I then said to Vogel, 'It is not what we ordered;' to send us what we ordered. I said to Vogel that I wanted a storm door with oval corners, as we agreed to. He did not say to me that I would have to pay the differ-ence."

Another alleged error arose as follows: At a time when, according to the great preponderance of evidence, most of the alleged extra work, as well as of that conceded to have been called for by the written con-tract, had been completed (although plaintiff sought to prove that lit-tle of the extra work had by that time been furnished), the defendant, at the earnest requests of the plaintiff and his son, paid $1,000 on ac-count, although the job was not quite complete, and therefore no pay-ment was then due. At that time, as a result of the settlement of cer-tain claims and disputes between the parties, the defendant received a paper, of which the following is a copy:

"$1,000.                                    New York, October 17th, 1895.

"Received from Henry A. Weissmann one thousand dollars on account, leav-ing a balance of three hundred dollars, which will be paid when completed, which will be payment in full for all work done in the store S. E. cor. 110th street and Park Ave., City.                          Henry Vogel.

"Per John Vogel."

There is a dispute as to whether the plaintiff was personally present at the time of the execution and delivery of this instrument, but, at all events, it was signed by the plaintiff's son, John Vogel, who had in precisely the same manner signed the original written contract. He was with his father in business, and attended to its details, and signed the contracts, as plaintiff could not read or write. He was sent by his father to collect money from the defendant; and an examination of all the evidence convinces us, notwithstanding plaintiff's effort to profit by the agency of the son when it was profitable, and to repudi-ate it when such a course appeared desirable, that the plaintiff held out his son as his agent for the purpose of all those dealings with the defendant, and that he is bound by them, having never notified de-fendant that his son's agency was revoked; so that we must hold the plaintiff chargeable with the obligation which his son assumed to impose upon him by the delivery of the instrument last above quoted. On the witness stand the son was permitted (against a duly-taken objection and exception by defendant's counsel), in answer to the ques-tion, "What did you mean when you signed this paper which says. that $300 was to be paid, after the $1,000 was paid, for all work?" to testify, "I meant that the work we put up in the store; the work that we done according to the contract." Such question and answer should have been excluded, under the well-settled rule that evidence

of the uncommunicated intention of one of the parties at the time of entering into a written contract is not receivable to vary the clearly-expressed terms of such contract (Humphreys v. Railroad Co., 121 N. Y. 435, 444, 24 N. E. 695); for the instrument last above quoted was not merely a receipt, but an agreement in the nature of an account stated, by which, in consideration of the advanced payment of $1,000 on account and of the defendant's waiver of his objections to the work, the plaintiff agreed to take $300 as full settlement for the balance.

When the learned justice charged the jury he said:

"It is for you to determine, first, whether any extra work was ordered by the defendant. If he ordered the extra work to be done, and Vogel did the work, he is entitled to the reasonable value or compensation for it. That is virtually all there is in the case. It is for you to say, from all the evidence which has been introduced, whether Weissmann ordered Vogel to do this extra work; and if Vogel, in consequence of that order, did work, he is entitled to pay, or whatever the value of the extra work was, and that value you must judge from the evidence."

To this portion of the charge the defendant's counsel duly excepted, and he then asked the court to charge "that if at the time the paper dated October 17, 1895, was executed and delivered to the defendant, all the alleged extra work was done, the plaintiff cannot recover." This request was declined, and an exception taken.

We think that the learned trial justice's charge and refusal, above quoted (and which were not wholly corrected by the latter portions of the charge), following the admission of John Vogel's testimony, above referred to, that he meant the instrument of October 17, 1895, to refer only to the work done under the written contract, permitted the jury to devest their minds of any consideration of the effect of the instrument of October 17, 1895, or at least permitted them to find that, even if all the alleged extra work was completed or nearly completed on October 17, 1895, the plaintiff could still recover on the theory that the instrument of that date applied only to work under the written contract. This was fundamentally injurious to the defense, for it left uncontradicted the son's testimony that he meant the paper to relate only to the contract work,—a statement which, of course, could not be controverted, and which never should have reached the jury, and which, being admitted by the court against the objection, may well have influenced their verdict.

There were other objections noted, and considerations as to them and as to other points in the case are ably raised by counsel for both parties; but nothing which the record presents seems to overcome the error which we have last discussed, and for that the judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide event. All concur.