BIRD v. BECKWITH et al.

(Supreme Court, Appellate Division, Third Department. November 15, 1899.)

CONTRACTS—AMBIGUITIES—PAROL EVIDENCE.

    In an action for a breach of a written contract to employ plaintiff to boat stone for defendant "during the seasons of navigation of 1897 and 1898," the contract is so ambiguous as to justify the admission of parol evidence to show whether "during" means "throughout the continuance of," or "in the course of," where plaintiff contends that defendant was bound to employ him steadily throughout said seasons, while defendant contends that he was not required to furnish employment after his need for stone had been supplied in 1898.

Appeal from special term, Madison county.

Action by Patrick H. Bird against Clinton Beckwith and another. Judgment for plaintiff, and defendants appeal. Reversed.

The plaintiff sought to recover in this action under the provisions of a written contract, of which the following is a copy:

"I, P. H. Bird, owner and master of the boats William G. Ronan and Rebert Walker, hereby agree to boat stone for Beckwith & Quackenbush from Fort Plain to points on the Erie Canal, between lock 45 at Frankfort west to the Oneida county line, for the sum of fifty cents per cubic yard, during the seasons of navigation of 1897 and 1898. Said Beckwith & Quackenbush to load and unload all stone freighted, and to pay freight on stone when delivered. I agree to do all necessary shifting of boats, you to put in false bottoms in boats, and remove same when this agreement terminates.

                                                 "P. H. Bird.

"We accept the foregoing proposal of P. H. Bird.

                                     "Beckwith & Quackenbush."

Pursuant to the provisions of said contract, the plaintiff transported stone for the defendants for the balance of the season of navigation of 1897, and

until the 28th day of August, 1898, at which time the defendants ceased to employ him. The plaintiff claimed that his employment under the contract was for the balance of the season of canal navigation of 1897 subsequent to the making of the contract, and the whole of the season of 1898, and recovered damages by reason of the defendants' refusal to furnish employment for his boats and men from the 28th day of August to the 1st day of December, 1898, when canal navigation ceased. On the trial the defendants, Quackenbush and Beckwith, were sworn, and testified to conversations with the plaintiff at the time of and immediately preceding the making of the contract, with a view of showing the intent of the parties. Mr. Quackenbush testified as follows: "This was in 1897, and he then proposed to contract for 1897, and I said, 'No; not for 1897 alone.' We had talked about putting in false bottoms, and I said we could not do the work, and put in the false bottoms for 1897 alone; and that we would have some stone in 1898, but what the amount would be I couldn't tell." Mr. Beckwith said: "I said our contract expired in April of next year, but there will be some stone. We will get what work we can up to the water line, and there will be some stone to top out the slope wall and put on the roll. * * * It was then October,— pretty late in the season,—and I said it would not pay to put in the false bottoms, which we agreed to put in, simply to boat stone for the balance of the season. * * * I said, 'We will put in the false bottoms in those boats, and you are to boat stone for us this season and next season, so long as we have stone to boat.'" Other testimony was given by the defendants to the same effect. Such evidence was, however, afterwards stricken out by the referee, as tending to contradict, vary, or modify the terms of the written contract. The plaintiff recovered a judgment for $817.04, besides costs, and the defendants have appealed to this court.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-NAM, and MERWIN, JJ.

J. B. & J. E. Rafter, for appellants.
H. W. Coley, for respondent.

PUTNAM, J. It is impossible to read the written contract, under the provisions of which the plaintiff was allowed to recover in this action, without entertaining doubts as to its meaning. It will be observed that it contains no covenant that the defendants will furnish to the plaintiff any particular quantity of stone, or all the stone his boats would transport. The plaintiff agreed to boat stone for defendants, but the quantity was not stated. It appeared on the trial, from the plaintiff's testimony, received without objection, that he knew that the defendants were canal contractors, and that the stone was to be used on their canal work where required. Did the contract bind the defendants to employ the plaintiff to draw stone they required in the progress of their work on the canal, or stone for which the defendants had no use after their work was completed? But it is insisted that the agreement of the defendants to employ the plaintiff "during the season of navigation of 1897 and 1898" was a covenant to employ him for the whole season of navigation of the latter year. In the Century Dictionary the word "during" is defined as follows: "In the time of; in the course of; throughout the continuance of." If the parties, in using the word "during" in the contract, meant that the defendants should employ the plaintiff to draw stone during the continuance of the season of navigation of 1898, the defendants were liable in the action. But they may have meant, in using the word, "in the time of," or "in the course

of," and, if so, the defendants were not liable for failing to employ the plaintiff after they had received all the stone required on their canal contract. In that case the contract must be construed to mean that the plaintiff would draw stone required by the defendants in the course of or in the time of the season of navigation of 1897 and 1898. The contract, as so construed, would not compel the defendants to furnish employment to the plaintiff after they had received all the stone required in their work. The written contract was ambiguous. Its construction depended on the sense in which the word "during" was used in the instrument. If the parties intended to use the word in one sense, the action cannot be maintained; while the word has also one meaning which would compel the defendants to furnish employment to the plaintiff during the whole season of 1898. The doctrine applicable to receiving oral evidence in such a case is stated by Vann, J., in Thomas v. Scutt, 127 N. Y. 133–141, 27 N. E. 963, as follows:

"Evidence to explain an ambiguity, establish a custom, or show the meaning of technical terms, and the like, is not regarded as an exception to the general rule, because it does not contradict or vary the written instrument, but simply places the court in the position of the parties when they made the contract, and enables it to appreciate the force of the words they used in reducing it to writing. It is received, where doubt arises upon the face of the instrument as to its meaning, not to enable the court to hear what the parties said, but to enable it to understand what they wrote, as they understood it at the time. Such evidence is explanatory, and must be consistent with the terms of the contract."

In Petrie v. Trustees, 158 N. Y. 458, 53 N. E. 216, the same judge said:

"While the court is to construe the contract, if its construction depends upon the sense in which the words were used in view of the subject to which they relate, it is necessary, by proof of collateral facts and surrounding circumstances, to place the court in the position of the parties when they made the contract, so as to enable it to understand the meaning of the words used in reducing it to writing."

See, also, 2 Am. & Eng. Enc. Law (2d Ed.) 294; Tilden v. Tilden, 8 App. Div. 99, 40 N. Y. Supp. 403; McKee v. De Witt, 12 App. Div. 617, 43 N. Y. Supp. 132.

In Streppone v. Lennon, 143 N. Y. 626, 37 N. E. 638, it appeared that there was a provision in the building contract that the contractor would do a certain amount of brickwork. It was held that the covenant to do brickwork might mean simply to do the work, or it might be construed as an agreement also to furnish the brick, and that parol evidence of the conversations of the parties at the time of the making of the contract was competent. So, in this case, under the contract, the parties may have intended, by using the word "during," that the plaintiff should be employed for the whole of the canal navigation of 1898, or merely that the plaintiff should deliver what stone the defendants required "in the course of" or "in the time of" the season of canal navigation of 1897 and 1898. Parol evidence, therefore, I think, was proper, not to contradict, vary, or modify the written contract, but to show what the parties intended, —the meaning of the words they used,—what the written contract in fact was.

I conclude that the referee erred in striking out the testimony of the defendants above referred to, and that for such error the judgment should be reversed, the referee discharged, and a new trial granted; costs to abide the event.   All concur.