WOODRUFF v. KLEE et al.

(Supreme Court, Appellate Division, Second Department. January 23, 1900.)

1. APPEAL AND ERROR—CONFLICT OF EVIDENCE.

Where the record presents a conflict in the testimony as to a question of fact, the finding of the lower court thereon is conclusive on appeal.

2. CONTRACTS—PAROL EVIDENCE.

Where a contract is ambiguous, parol evidence is admissible to explain its meaning, and aid the court to reach a true understanding thereof.

3. EXPERT EVIDENCE.

In a building contract, where the meaning of the term "ornamental plastering" was in issue, expert evidence was admissible to show the force and understanding of the term.

Appeal from municipal court, borough of Queens, First district.

Action by John T. Woodruff against John Klee and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Frederick Hulse, for appellants.

Charles T. Duffy, for respondent.

PER CURIAM. The defendants entered into a contract with the plaintiff to do certain plastering work upon the Jamaica Savings Bank Building, by the terms of which, inter alia, they agreed as follows:

"Ornamental plastering, moldings, etc. Furnish and fit up the cast plaster work on the first story, including all panels, pilasters, cornices, brackets,

moldings, escutcheons, etc., all as shown on drawings. The above work to be done in the most approved manner, cleanly, and satisfactorily modeled, and run from full-sized details. Furnish and fit up any iron furrings and supports necessary for pilasters, etc., in banking room."

After the execution of the contract, a dispute arose as to the meaning to be given its terms, the defendants contending that "ornamental plastering" had a technical trade meaning, and only included such ornamental work as is modeled and cast in the shop, and afterwards applied to the building in a dry state; that "plain plastering" means the plain surface and such plain moldings and cornices as are put on in the form of wet plaster in the building, and is distinguishable from those cornices and moldings which are not put upon the walls until after they are made; that the true construction of the agreement was to limit the cornices to be furnished by the defendants to those manufactured outside of the building, and put on dry, and that it did not embrace the wet plastering. Upon this subject there was a conflict in the testimony, and, in so far as the question was one of fact, the finding of the court below is conclusive upon this court. It is evident that the contract was ambiguous in the respect mentioned, and parol proof was proper to explain its meaning, and aid the court to reach a true understanding thereof, and was admissible for such purpose. McKee v. De Witt, 12 App. Div. 617, 43 N. Y. Supp. 132. Experts were called by each party, and testified to their interpretations of the contract. It is claimed, however, that the experts on the part of the plaintiff were permitted to give testimony which determined the question at issue, and that such evidence was inadmissible and improper. It is clear from a reading of the testimony that the witnesses only assumed to state what were the force, effect, and understanding of the terms used in the contract. Such rule was proper, and is supported by authority. Streppone v. Lennon, 143 N. Y. 626, 37 N. E. 638. These were the only questions raised, and, as no error is found therein, the judgment should be affirmed.

Judgment of the municipal court affirmed, with costs.