MAURICE SECKENDORF *vs.* WACHTEL-PICKERT COMPANY.

Suffolk. January 16, 1914. — May 25, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Municipal Court of the City of Boston,* Appellate Division: report. *Practice, Civil. Contract,* In writing.

In an action of contract in the Municipal Court of the City of Boston by a salesman against his employer for commissions on sales made in a certain territory by others than the plaintiff, it appeared that the defendant had written a letter to the plaintiff stating that he would pay the plaintiff, besides a salary, "1 % commission on all book accounts." The plaintiff's evidence tended to show that the quoted words included the sales on which he was claiming commissions. The defendant asked the trial judge to rule that the quoted words "do not, as a matter of law, mean one per cent commission on all book accounts which appear in the defendant's books regardless of the question by whom the sales were made or in what territory." The judge, in reporting the case to the Appellate Division after finding for the plaintiff, first stated his refusal of the ruling asked for, then stated as his construction of the defendant's letter "in connection with the other evidence in the case," that it entitled the plaintiff to a commission on "the entire output of the defendant's factory" and not merely on all sales made by the plaintiff, and then stated, "The defendant being aggrieved by my ruling as aforesaid has requested this report for determination by the Appellate Division." *Held,* that the judge intended to report the question of the correctness both of the ruling he gave and of his refusal to give the ruling asked for; and that, because it was apparent that he refused to construe the ambiguous words of the letter apart from evidence explaining their meaning and did construe them in the light of that evidence, his refusal to give the ruling asked for and the ruling he gave both were correct.

CONTRACT for commissions alleged to have become due to the plaintiff as a salesman for the defendant, as stated in the opinion. Writ in the Municipal Court of the City of Boston dated February 19, 1913.

The case was heard in the Municipal Court by *Wentworth, J.,* who found the facts and made the rulings described in the opinion. The judge found for the plaintiff in the sum of $582.61, and at the request of the defendant reported the case to the Appellate Division, who dismissed the report. The defendant appealed.

*P. Rubenstein,* for the defendant.

*S. A. Dearborn,* for the plaintiff, was not called upon.

LORING, J. The plaintiff was employed by the defendant as a salesman in the city of New York for a period of fifty weeks from May 15, 1911, to April 26, 1912. For his services during that period he received a salary of $30 per week. On the expiration of the period he claimed to be paid a commission of one per cent on the total sales of the defendant during the period of his employment made outside of New York as well as those made through him in New York. To this the defendant made two defenses: first, that the plaintiff had not performed his contract and so was not entitled to any commission, and secondly, that if he was entitled to any commission it was a commission on the sales made by him and did not include a commission upon other sales made by the defendant.

The plaintiff's right to a commission depended upon a letter dated April 12, 1911, written by Mr. Wachtel to the plaintiff. Mr. Wachtel represented the defendant, with full authority in making the arrangement made with the plaintiff. The letter was as follows: "After due consideration I have decided to give you a salary of $30 per week and 1% commission on all book accounts." The judge found that the plaintiff had performed his contract, and in the light of the circumstances under which the letter was written ruled that it covered all sales of the defendant, whether made in New York or in outside territory.

The circumstances under which the letter of April 12, 1911, was written were put in evidence without objection. They consisted in the testimony of the plaintiff that some time in April, 1911, he had a talk with Mr. Wachtel in which he (the plaintiff) proposed that he should work for the defendant on a straight salary of $60 a week, or $35 a week and three per cent commission on his sales, or $30 a week and one per cent commission on the entire output of the defendant's factory. This was denied by Wachtel. But the judge believed the plaintiff, and believing the plaintiff,

"in connection with the other evidence in the case," construed the letter of April 12, 1911, to entitle the plaintiff to a commission on "the entire output of the defendant's factory" and not merely on all sales made by the plaintiff.

The defendant requested the judge to give two rulings, the first of which only is now insisted upon. That ruling was as follows:

"(1) The words '1% commission on all book accounts' which appear in the letter of April 12, 1911, written by the defendant to the plaintiff, do not, as a matter of law, mean 1% commission on all book accounts which appear in the defendant's books regardless of the question by whom the sales were made or in what territory."

The rulings asked for were refused. After stating the rulings asked for and his refusal to give them, the judge states in his report the construction given by him to the letter of April 12, 1911, and ends his report in these words: "The defendant being aggrieved by my ruling as aforesaid has requested this report for determination by the Appellate Division of this court."

We interpret this to mean that the judge reports the question of the correctness of his refusal to give the rulings asked for and of the ruling which he made.

The defendant's contention now is that the first ruling asked for was a ruling as to the proper construction of the words "1% commission on all book accounts" apart from the circumstances under which the letter of April 12, 1911, was written, and that so construed the ruling ought to have been given. It is apparent that so construed the judge adopted the ruling. He states himself that the construction which he gave to those words in the letter of April 12, 1911, was given "in connection with the other evidence in the case." It is evident that the first ruling was construed by the judge to be a ruling as to the construction of the letter in view of the evidence in the case. So construed, it was rightly refused.

The oral offer which had been made by the defendant and which had been admitted in evidence without objection was a circumstance to be taken into consideration in construing the ambiguous words of the letter. See in this connection *Keller* v. *Webb*, 125 Mass. 88; *Proctor* v. *Hartigan*, 139 Mass. 554; *Aldrich* v. *Bay*

*State Construction Co.* 186 Mass. 489; *Streppone* v. *Lennon,* 143 N. Y. 626; *Gray* v. *Oyler,* 2 Bush, 256.

The entry must be

*Order dismissing the report affirmed.*