## WITTERS *v.* SOWLES *et al.*

### (*Circuit Court, D. Vermont.* May Term, 1890.)

1. **NATIONAL BANKS—PERSONAL LIABILITY OF DIRECTORS—EXCESSIVE LOANS.**
   Where the directors of a national bank assent to a loan, in excess of the limit prescribed by Rev. St. U. S. § 5200, and subsequently retire paper representing a part of this loan, by charging it against an illegal dividend, declared when the bad paper reckoned to make up an apparent surplus more than exceeds the capital stock, the transaction is invalid, and, for the amount of the paper thus retired, the directors are personally liable, as provided by section 5239, for damages sustained in consequence of excessive loans.

2. **EQUITY—REPORT OF MASTER—CORRECTION.**
   Where the report of a master can be corrected from the facts that appear in the case, aside from the evidence taken before him, it should be done, and a re-reference is unnecessary.

In Equity.

*Chester W. Witters* and *Henry A. Burt*, for orator.

*Albert P. Cross* and *Willard Farrington*, for defendants.

WHEELER, J.  This cause has now been heard on the report of the master, stating an account of the moneys of the bank, of which the defendants were directors and the orator is receiver, lost by excessive loans

assented to by the defendants Albert Sowles and Burton. The case shows, and the court had found, before the reference, that they assented to a loan of $36,000 of these moneys to Edward A. Sowles, without security, which was $26,000 in excess of the limit prescribed by section 5200 of the Revised Statutes of the United States. They were made personally liable, by section 5239, for all damages sustained in consequence. The money was then taken, and damages to the extent of the excess immediately accrued to the bank, for which they then became chargeable. What this had been reduced by payment or satisfaction of the loan was referred to the master. 31 Fed. Rep. 1, 5. The report shows that $6,000 of the loan was paid soon, and that the remaining $30,000 became represented among the assets of the bank by three lines of paper, of $10,000 each. This is correct. What was said in the former opinion about $10,000 being paid, and $6,000 represented by draft on H. E. Lewis, (Id. 4,) is erroneous. The report further shows that one line of the paper was retired on January 8, 1883, by being charged in separate amounts each,—to Edward A. Sowles, $8,640; Albert Sowles, $940; Merritt Sowles, $140; Mary A. Hardy, $140; and Mrs. E. S. Leach, $140; that another was paid by securities of Margaret B. Sowles, wife of Edward A. Sowles; and that the other was satisfied down to $290.30, May 22, 1888, by foreclosure of mortgages. No question is now made in respect to the latter. Margaret B. Sowles has been made a creditor of the bank for the amount of these securities, by a decree of this court. 39 Fed. Rep. 403, 40 Fed. Rep. 413. This decree was in evidence before the master. The question whether it shows failure of satisfaction of the debt to which her securities were applied is raised. As between her and the bank, represented by the orator, it does so show conclusively; but these defendants were not parties to that suit, and are not bound by that decree. To show in this suit that so much of the debt was in fact paid by those securities, and the damages mitigated to that extent, was open to them. No evidence as to that is in this case, except what was taken by the master, which presented a question of fact to him. It is returned with the report, and is somewhat different from that in her case. No adequate reason is shown; and no reason besides that decree is urged, for disturbing his conclusion upon it.

The case shows that the persons to whom the other line of paper was charged were the same to whom a dividend of 10 per cent. on the stock of the bank, declared just previously, was credited, and in the same amounts; so that this line was retired by that dividend. The case also shows clearly and indisputably that, although the bank then had an apparent surplus of $55,948, its bad paper reckoned to make up this surplus and as a foundation for that dividend would wipe out more than all its capital stock. It really belonged to its depositors and other creditors, and had nothing to divide among its shareholders. The dividend could not be lawfully declared or paid, but this paper was taken to pay it with. In effect, the shareholders gave the paper out of the assets of the bank to Edward A. Sowles; it was not paid. The statute made these defendants holden for the damages, in consequence of this

unlawful loan, not only to the bank and its shareholders, but to any other person. Section 5239. The orator, as receiver, represents the depositors and creditors. The question is not one of discharging sureties, nor of liability for declaring the dividend, but whether the bank as such in its entirety got back any part of the money so unlawfully lent to Edward A. Sowles, or its equivalent. Clearly it did not. The damages to it were not, by this transaction, at all lessened or mitigated. The report is to be taken as it is applicable to the case as otherwise made. In connection with these plain facts already in the case, it shows the loss to the bank, as represented by the orator, in consequence of this excessive loan, to have been the amount of that paper at the time when it was retired, which was $10,000, with interest to now, which is $4,580, in addition to the $290.30 reported by the master, with interest from May 22, 1888, which is $5.04,—in all, $14,875.34. As these facts, outside of the report, appear from the case, aside from the evidence before the master, the correction of the amount reported should be made without sending the report back to the master. *Kelsey* v. *Hobby*, 16 Pet. 269; *Parks* v. *Booth*, 102 U. S. 96. Exceptions overruled, report accepted and confirmed, and decree thereupon, and upon the pleadings and proofs, that the defendants Albert Sowles and Burton do pay to the orator $14,875.34, with costs, and that the bill be dismissed as to the other defendants, without costs.