**SAUER et al. v. NEWHOUSE et al.**

No. 5873.

District Court, D. New Jersey.

Sept. 23, 1938.

Osborne, Cornish & Scheck, of Newark, N. J., for defendants, for the motion.

Child, Riker, Marsh & Shipman, of Newark, N. J., for plaintiffs, opposed.

FORMAN, District Judge.

This suit is a representative suit brought by stockholders of the Newark Morning Ledger Company. Restitution for certain losses to the corporation due to the alleged mismanagement and dissipation of assets by its directors is sought against certain directors of the aforementioned corporation.

The present motion for the addition of parties or in the alternative a dismissal of the suit is induced by the plaintiff's failure to join Lucius T. Russell, Sr., and Edwin F. Russell with the other defendants. It

is submitted that Lucius T. Russell, Sr., a former owner of the Newark Morning Ledger, sold his interest to Samuel I. Newhouse, defendant herein, and in connection with that sale it was agreed that Edwin F. Russell, a son of Lucius T. Russell, Sr., should serve as a director of the corporation. Contention is made that Edwin F. Russell concurred in all the alleged acts of mismanagement and is an indispensable party to this litigation. It is further argued that Edwin F. Russell was only the agent of his father, and, therefore, Lucius T. Russell, Sr., the principal, should likewise be made a party.

The precise point to be determined is whether or not Lucius T. Russell, Sr., and Edwin F. Russell are indispensable parties to this litigation.

 Plaintiffs have not seen fit to bring these omitted parties into this action, and ask for any money damages against them either in their official or personal capacity. And they need not be compelled to bring these parties before the court. McRoberts v. Independent Coal & Coke Company, 10 Cir., 15 F.2d 157; Curtis v. Metcalf, D.C., 265 F. 293. In the latter case the court states: "I am of the opinion that the objection for nonjoinder of other directors is not well taken, and that it is for the plaintiff to say which of the directors he will sue." 265 F. 293, 299.

The only utility in ordering the addition of the omitted parties would be the avoidance of a possible suit for contribution instituted by those already defendants against the omitted parties in the event that judgment goes against the present defendants in this action. A denial of this motion cannot possibly prejudice this possibility. So long as plaintiffs refuse to make any claim against the omitted parties it remains an idle gesture to order them to appear in this cause. Complete relief can be afforded plaintiffs without the addition of parties demanded. Hence, they are not necessary or indispensable.

 In support of the motion defendants cite Rule 19(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the pertinent parts of which follow: "When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded *between those already parties,* have not been made parties * * * the court shall order them summoned to appear in the action." (Italics supplied.)

There is nothing in this section which would compel the joinder of the omitted parties, because complete relief can be given as between the plaintiffs and defendants. This section does not require that other parties be joined as defendants in order that complete relief may be given as between those persons and parties already defendants.

The motion for the addition of other parties is denied.