## GALM v. BRIGHTON FIREPROOF STORAGE CO.

### No. 54 Civil.

District Court, S. D. Ohio, W. D.

Nov. 25, 1940.

Dolle, O'Donnell & Cash, of Cincinnati, Ohio, for plaintiff.

August A. Rendigs, Jr., Anthony B. Dunlap, and Herman W. Santen, all of Cincinnati, Ohio, for defendant.

NEVIN, District Judge.

On September 18, 1940, defendant herein, the Brighton Fireproof Storage Company, filed a motion "to make Great American Indemnity Company, a corporation, a party defendant herein." The cause is now

before the court on that motion. The granting of the motion is opposed by plaintiff. Counsel for the respective parties have presented oral arguments and filed briefs in favor of and contra the motion.

Defendant premises its motion on Rule 19(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and Section 29 of the Workmen's Compensation Law of the State of New York, Consol. Laws N.Y. c. 66. It is conceded, in fact stated, in the motion itself, that the Great American Indemnity Company "is not an indispensable party herein." Defendant claims, however, that it "ought to be made a party, if complete relief is to be accorded between the present parties herein," basing this claim on certain reasons set forth in the motion.

If complete relief can be accorded between the parties the motion should be overruled. Sauer v. Newhouse, D.C., 24 F.Supp. 911.

Upon a review of the applicable law, the court is of opinion that such complete relief can be accorded and that the Great American Indemnity Company ought not to be made a party to this action. As stated by counsel for plaintiff in their brief, to bring the Great American Indemnity Company in as a party defendant would only tend to confuse the issues and might open the way to the admission of improper and irrelevant testimony.

The court finds the motion not well taken and that it should be, and it is, overruled. Counsel may prepare an order accordingly.