**MILLER & LUX Incorporated, a Nevada corporation, Plaintiff,**

v.

**J. Leroy NICKEL, Jr., et al., Defendants.**

**Civ. A. No. 34043.**

United States District Court
N. D. California, S. D.
May 15, 1956.

Herbert W. Clark, San Francisco, Cal., for Houchin, et al., Executors, Anna Lumis, Individ. & Crocker Bank, Codington and Lindsay.

McCutchen, Thomas, Matthew, Griffiths & Greene, San Francisco, Cal., Clayton L. Orn, Findlay, Ohio, for The Ohio Oil Co.

Melvin, Faulkner, Sheehan & Wiseman, San Francisco, Cal., for Nickel.

R. K. Barrows, Los Angeles, Cal., for Texas Co.

Sheppard, Mullin, Richter & Balthis, Los Angeles, Cal., for Bradford.

Kimble, Thomas, Snell, Jamison & Russell, Fresno, Cal., for Frank Jeppi.

McLaughlin & Casey, Los Angeles, Cal., for Lon V. and Jane W. Smith.

O'Melveny & Myers, Los Angeles, Cal., for Zimmerman & Nielson, Executors, Potter, Pacific Western Oil, Richfield, Morique Explorers and Intex and Hancock.

Meserve, Mumper & Hughes, Los Angeles, Cal., for Kern Property Corp.

Derby, Cook, Quinby & Tweedt, San Francisco, Cal., for Anderson & Victory Oil Co.

Vincent J. McGovern, San Francisco, Cal., in pro. per.

David P. Barcroft, Madera, Cal., for Arnolds, indiv. & Executors.

Robert W. Walker, Los Angeles, Cal., for Chanslor-Western Oil & Dev. Co.

Richard H. Peterson, W. E. Johns and Malcolm A. MacKillop, San Francisco, Cal., for Natural Gas Corp.

Athearn, Chandler & Hoffman, San Francisco, Cal., for Elmer B. Stone.

Martin J. Weil, Los Angeles, Cal., for Western States; Seaboard Oil; Continental Oil; Kettleman North Dome; and General Petroleum.

Hanna & Morton, Los Angeles, Cal., for Superior Oil Co.

J. G. Leovy, Los Angeles, Cal., for Western Gulf Oil Co.

C. Ray Robinson, and Associates, San Francisco, Cal., for plaintiffs.

Mortimer A. Kline, Beverly Hills, Cal., for Sunray Mid-Continent Oil Co.

Stanley F. Davie, Oakland, Cal., for Trico Oil & Gas; Gene Reid Drlg.; and Harry H. Magee.

Brobeck, Phleger & Harrison, San Francisco, Cal., for Union Oil Co. of Calif. and Independent Producers Agency.

Blodget & Blodget, Santa Ana, Cal., for Victory Oil Co.

Gibson, Dunn & Crutcher, Los Angeles, Cal., for Lloyd Corp.

Rosson & Pearson, Hanford, Cal., for William Flickinger Colm and Marion Virginia Rice.

Borton, Petrini, Conron & Brown, Bakersfield, Cal., for A. J. West.

Landels & Weigel, San Francisco, Cal., for California Pacific Title Ins. Co. (formerly Title & Trust Co.)

Edwin S. Pillsbury, San Francisco, Cal., for Elmer C. Bolton.

**OLIVER J. CARTER, District Judge.**

Plaintiff corporation brings suit against several of its former officers and directors, alleging that while these defendants were in control of the plaintiff, that they conspired to defraud the plaintiff and did defraud the plaintiff by causing various parcels of real property to be conveyed from the plaintiff to themselves, or to be conveyed from the plaintiff to others who held title for the benefit of these defendants. Plaintiff joins numerous defendants who, it is alleged, took title to real property with notice of the plaintiff's rights in that property, and plaintiff also sues numerous defendants by fictitious names. Jurisdiction of this Court is postulated on a diversity of citizenship between the plaintiff, a Nevada corporation, and the defendants, who are alleged to be citizens of states other than Nevada.

The defendants filed a variety of motions attacking the complaint, and plaintiff elected to file a First Amended Complaint. Many of the defendants' motions were renewed against the First Amended Complaint. In order to permit an orderly determination of the issues thus raised this Court ordered a stay of all proceedings until the hearing and determination of the motions attacking the jurisdiction of the Court; the latter motions are the subject of this Memorandum and Order.

Some of the defendants contend that plaintiff has failed to join certain persons who are indispensable parties; that the interests of these absent parties are "aligned" with the interests of the plaintiff; and that the joinder of those persons as plaintiffs would destroy diversity of citizenship between the plaintiffs and the defendants because some of those persons are citizens of California, as are some of the defendants. This contention is based upon the following facts and reasoning:

The stock of plaintiff corporation is wholly owned by the trustees of the Henry Miller Trust. One of the defendants, J. Leroy Nickel, Jr., who is alleged to have actively defrauded the plaintiff corporation, is also a beneficiary of the Henry Miller Trust. Other defendants who are alleged to have taken title to real property with notice of the plaintiff's rights in that property, claim that they are not *in pari delicto* with J. Leroy Nickel, Jr., and that any recovery by the corporation against those defendants ought to be reduced by the amount that would ultimately go to J. Leroy Nickel, Jr. The other beneficiaries of the Henry Miller Trust are indispensable parties, according to this argument, because there are conflicts of interest between J. Leroy Nickel, Jr. and the other beneficiaries which necessitate the adjudication of their respective interests in the Henry Miller Trust, and the interests of these beneficiaries cannot be determined in their absence.

Put another way, the contention is that in order to reach an equitable result this Court must disregard the corporate entity of the plaintiff and consider that the beneficiaries of the Henry Miller Trust are the true plaintiffs; in that way the Court can settle alleged conflicts of interest between the beneficiaries; and prevent J. Leroy Nickel, Jr.

from being an ultimate beneficiary of the corporate recovery.

■ Defendants have not cited any case in which a court disregarded a corporate entity and then disregarded a trust relationship in addition; defendants have cited Wenban Estate, Inc., v. Hewlett, 193 Cal. 675, at page 697, 227 P. 723, at page 731, in which the Supreme Court of California looked through a corporate entity in accordance with the following principles which are stated by the court,

"Thus proof that an individual owns all of the stock of a corporation and that the corporation is in truth and in fact but the corporate double of the owner of the stock, will, in conjunction with a further showing that as a result of the double relationship fraud or injustice will inure to a third person, suffice to dissipate the separate identity of the corporation. * * *

"In Erkenbrecher v. Grant, 187 Cal. 7, 200 P. 641, it was held that in order to cast aside the legal fiction of distinct corporate existence it must appear that 'they are the "business conduit and *alter ego* of one' another", and that to recognize their separate entities would aid the consummation of a wrong.'

"Minifie v. Rowley [187 Cal. 481, 202 P. 673] * * * states the rule to be: 'Before the acts and obligation of a corporation can be legally recognized as those of a particular person, and *vice versa,* the following combination of circumstances must be made to appear: First, that the corporation is not only influenced and governed by that person, but that there is such a unity of interest and ownership that the individuality, or separateness, of the said person * * * has ceased * * *.' "

These principles are taken by this Court to be a fair statement of the California law applicable here. Upon examination of the facts relied upon by the moving defendants in the case at bar, it is at once apparent that the plaintiff corporation is not the mere alter ego of a stockholder or group of stockholders. Miller & Lux, Incorporated has been a bona fide corporation for many years; it has engaged in a variety of business transactions, and it cannot be said that persons dealing with the corporation were actually dealing with its stockholders. If any closely-held corporation can be said to have an existence separate from its stockholders, this one has.

Defendants cite Western Battery & Supply Co. v. Hazelett Storage Battery Co., 8 Cir., 61 F.2d 220, for the proposition that if the beneficiaries of a trust are equitably precluded from relief, the trustees are likewise precluded; but the trust involved in that case was little more than a sham, as indicated by the following portions of the opinion of the court, 61 F.2d at page 231:

"Considering the nature of the trust, the sole beneficiaries thereof could have put an end to it at any time.

* * * * *

"* * * the interest of the beneficiaries of a trust of the nature here involved approaches so nearly to complete ownership, with all the incidents thereof, as to justify the conclusion that a license agreement entered into by all the beneficiaries may bind the trustee."

The beneficiaries of the trust under consideration in the case at bar could not end the trust at will, nor could they be considered virtually the owners of the trust res. Furthermore it is significant that in the Western Battery case all the beneficiaries participated in the acts which the defendant relied upon to bar the recovery sought by the trustee; here, on the other hand, most of the beneficiaries are not accused of wrongful conduct. Therefore the moving defendants have not shown sufficient reason for this Court to disregard either the corporation or the trust, and certainly no reason to disregard both of them.

Here as in Saver v. Newhouse, D.C. D.N.J., 24 F.Supp. 911, complete relief can be given as between plaintiff and the defendants without joinder of other parties. The Sauer case was a representative suit by stockholders of a corporation against certain directors of the corporation; the plaintiffs prayed for restitution to the corporation for losses resulting from alleged misconduct of the defendants. The defendants moved to join two former directors who, the defendants alleged, had concurred in the wrongful acts and were indispensable parties. The court said, 24 F.Supp. at page 912:

"The only utility in ordering the addition of the omitted parties would be the avoidance of a possible suit for contribution instituted by those already defendants against the omitted parties in the event that judgment goes against the present defendants in this action. * * * Complete relief can be afforded plaintiffs without the addition of parties demanded. Hence, they are not necessary or indispensable." Compare Sadler v. Sadler, 9 Cir., 167 F.2d 1.

■ It is the opinion and conclusion of this Court that the trustees and beneficiaries of the Henry Miller Trust are not indispensable parties to this action.

Some of the defendants make a further contention with regard to absent parties. The argument is that various persons who have not been made parties to this suit are indispensable parties defendant, and their joinder as defendants would destroy diversity jurisdiction because they are residents of Nevada, as is the plaintiff. These parties are alleged to be indispensable because if this Court were to order some of the defendants to reconvey to the plaintiff property that was acquired from the plaintiff, the intervening interests of the absent parties would be destroyed or adversely affected. But this argument overlooks the fact that the prayer of the First Amended Complaint is for specific re-lief, such as the return to plaintiff of property held by the defendants, or in the alternative for damages.

■ An individual who has acquired title to property by fraud has a voidable title, and has the power to convey a good title to a good faith purchaser for value. Plaintiff recognizes the possibility that the rights of innocent third persons may have intervened in some of the transactions attacked in this suit; consequently this suit is for the return of the property if that can be done without disturbing the rights of innocent parties, or for damages if the property cannot be returned.

None of the cases cited in support of defendants' contention are controlling here. In Baten v. Nona-Fletcher Mineral Co., 5 Cir., 198 F.2d 629, the relief sought was the cancellation of deeds. The court said at pages 630–631:

"* * * the real purpose of this suit is to cancel and set aside the conveyances * * *."

There was no prayer for money damages. In Keegan v. Humble Oil & Refining Co., 5 Cir., 155 F.2d 971, the plaintiff asked to be declared owner of certain property, and to grant that relief would have destroyed an interest in that property belonging to an absent party. Calcote v. Texas Pacific Coal & Oil Co., 5 Cir., 157 F.2d 216, 167 A.L.R. 413, was a suit for cancellation of an oil lease. If the lease were cancelled, royalty interests of absent parties would have been destroyed. In Young v. Garrett, 8 Cir., 149 F.2d 223, a state statute provided that an executor or administrator, rather than the heirs of a decedent, were the only proper plaintiffs in the type of suit there involved; therefore the administrator of the decedent was held to be an indispensable party. In Hartman Ranch Co. v. Associated Oil Co., 10 Cal.2d 232, at page 262, 73 P.2d 1163, at page 1178, the holding of the court on the issue of indispensable parties, and the inapplicability of that case to the situation in the case at bar, are

both indicated by the following statement of the court:

"* * * in an action wherein it is to be determined that the sublessee has committed acts which forfeit the parent lease, the sublessors, who are the owners and holders of such lease, should be parties."

In the case of State of Washington v. United States, 9 Cir., 87 F.2d 421, the court held that where the State of Washington had leased property to a private party, and the United States sued to recover possession from the lessee, claiming to be the owner of that property, that the State of Washington was an indispensable party because to grant the relief sought by the United States would be to adversely affect the interest of the State of Washington. The court said, 87 F.2d at page 430:

"The lessor is affected * * * because the thing, which he claims he owned at the time of the grant to the lessee, and which he claims will revert to him, is declared by the decree to be nonexistent."

American Insurance Co. v. Bradley Mining Co., D.C.N.D.Cal., 57 F.Supp. 545, is not even remotely similar to the case at bar. There certain parties were found to be indispensable because they had brought a similar action in a state court, and therefore there was a possibility of the issues being determined one way in the federal court and the opposite way in the state court, which would not have been equitable in the circumstances of that case.

■ These cases cited by the defendants generally involve a situation in which specific relief is prayed for, and to grant that relief would destroy or adversely affect the interests of an absent party. Here the prayer is for damages as an alternative form of relief. If innocent third parties have acquired interests in some of the property which plaintiff seeks, this Court can award damages in lieu of that property (in the event of an ultimate decision in favor of the plaintiff) and frame its decree so as to protect the interests of those absent parties. See Hudson v. Newell, 5 Cir., 172 F.2d 848, 850, subsequent opinion 174 F.2d 546, in which the court said:

"A court cannot adjudicate the rights of persons who are not parties before it; they will be brought in if possible and if they will not destroy diversity. * * * If diversity will be thereby destroyed the court will not require them to be brought in, but will enquire if there is any relief it can properly give without them; if there is, it will give it without prejudice to the rights of the absent; if none can be given the suit will be dismissed."

Therefore it is the opinion of this Court that there are no absent parties who are indispensable parties defendant.

■ Defendants further contend that the executors of the estate of Max B. Arnold, who are defendants in this suit, are citizens of Nevada as is the plaintiff and that there is not complete diversity of citizenship between the plaintiff and all the defendants. Plaintiff has moved to dismiss the executors of the Arnold estate as parties. The executors of the Arnold estate are not indispensable parties and therefore it is proper to permit a dismissal as to them, in order to establish the jurisdiction of this Court.

The leading case on the point in this circuit is Dollar S. S. Lines v. Merz, 9 Cir., 68 F.2d 594, 595, where the court said:

"Where, because of the joinder of proper, though not indispensable, parties as defendants, there is not merely on the record but in fact no such diversity of citizenship as to give jurisdiction, the District Court may permit a dismissal of such parties and thereby establish jurisdiction with retroactive effect." (Citations omitted.)

See also Atchison, T. & S. F. Ry. Co. v. Francom, 9 Cir., 118 F.2d 712; Finn v. American Fire & Casualty Co., 5 Cir., 207 F.2d 113.

Therefore plaintiff's motion to dismiss the executors of the Arnold estate will be granted.

Another basis for motions by the defendants to dismiss is that the complaint does not establish diversity jurisdiction because the plaintiff has sued a large number of fictitious parties. The recent case of Molnar v. National Broadcasting Co., 9 Cir., 231 P.2d 684, 685, supports the defendants' contention and is controlling here.

In the Molnar case the plaintiff sued the named defendant and ten "Doe" parties. Jurisdiction of the court was predicated upon diversity of citizenship, and the complaint contained the allegation that: "Plaintiff is a citizen and resident of the State of California; defendants, and each of them, are citizens and residents of the State of Delaware." The court of appeals held:

"If the identity of defendants were known so that the pleader could state they were citizens of Delaware, she could also state their names and allege what part each had in the management and control of the stairway. But, if the allegation that they are citizens of Delaware be, as on the face of the complaint it is, unfounded guesswork, the jurisdiction of the court is not established."

The pertinent allegations of the First Amended Complaint in the case at bar are found in paragraph I of that complaint:

"The plaintiff is a corporation incorporated under the laws of the State of Nevada. * * * The defendants Doe Thirty to Doe Two Thousand are citizens of states other than the State of Nevada."

It is obvious that the allegations pertaining to the citizenship of the "Doe" parties in the case at bar are mere guesswork, and therefore this Court must follow the Molnar case by ordering the dismissal of this action unless the plaintiff either drops the fictitious parties or identifies them with sufficient clarity so that this Court could find that actual persons are contemplated by the allegations pertaining to those parties. This action is in accord with the holding of Roth v. Davis, 9 Cir., 231 F.2d 681.

Plaintiff will be allowed twenty days in which to amend its complaint in this respect.

Counsel for plaintiff are directed to prepare and submit an appropriate order.