The United States Printing and Lithograph Company, Respondent, *v*. Patrick A. Powers, Appellant, and Harry M. Warner et al., Respondents.

**Contract — presumption that the obligations thereof are joint — judgment rendered jointly against several parties in action on contract cannot be reversed as to some and affirmed as to others — when judgment has been entered against one of several obligors judgment creditor cannot prosecute those omitted from the judgment and they are not liable for contribution — erroneous reception of evidence.**

1. It is a general presumption of law that when two or more persons undertake an obligation they undertake jointly, words of severance being necessary to overcome this primary presumption. The fact that the interests of the obligors in a contract are diverse does not prevent the obligation from being joint.

2. The ordinary rule is that a judgment which is rendered jointly and commonly against several parties is entire and indivisible and cannot be reversed as to some and affirmed as to others in the absence of some statute permitting it.

# 144   U. S. Printing & Lithograph Co. v. Powers.

3. A plaintiff who elects to enter judgment against one of several joint obligors causes a merger of his entire claim against all of the obligors in the judgment which he has thus entered and thenceforth cannot prosecute those who have been omitted from the judgment, and they would not be liable for contribution.

4. The defendant herein with two others guaranteed to plaintiff the performance of a contract made by a corporation with plaintiff " and the payment of any and all of its (the contractor's) indebtedness to " the plaintiff, granting to the plaintiff the privilege of extending such indebtedness from time to time.   Thereafter this action was brought by plaintiff seeking to recover from defendants under their guaranty not only the indebtedness existing and assumed by the corporation at the time the agreement mentioned was executed, but also the indebtedness for merchandise thereafter supplied under and in accordance with the terms of another contract at that time made.   On the trial the jury found a verdict against all of the guarantors for materials sold after the guaranty was executed and found thereby that none of the guarantors had been released from their obligation as was claimed by two of their number.   The court set aside the verdict against two of the guarantors on the ground that it was against the weight of evidence on the question as to their release by plaintiff, but refused to set it aside as against this appellant.   Plaintiff thereupon entered a judgment for the full amount of the verdict against appellant, who now claims that the verdict was on a joint cause of action and could not be set aside as to his codefendants and sustained as to him and that the act of plaintiff in entering judgment upon the verdict against him released the other defendants to the injury of plaintiff.   *Held,* *first,* that the trial court properly held that the language of the agreement was ambiguous; that it was, therefore, proper to permit evidence of the acts of the parties before, after and at the time said agreement was executed for the purpose of showing their intent and the sense in which the words were used and then permitting the jury to find the meaning of the words which were employed; *second,* that if appellant's coguarantors have been released without his consent the present judgment against him is erroneous; *third,* that the plaintiff cannot fairly be said to have indicated a voluntary election to proceed against one of the defendants and to waive its rights as against the others. It simply took what the court gave to it; *fourth,* that under the circumstances it was error for the court to grant a new trial to appellant's co-guarantors and refuse to grant such new trial to him.

5. Evidence that one of the defendants informed a salesman of plaintiff, having negotiations with appellant, about six weeks before the guaranty was executed, that he would guarantee the contract for work to be done in future was improperly admitted.   (*Altman* v.

*Hofeller*, 152 N. Y. 498, 506, 507; *Morgan* v. *Smith*, 70 N. Y. 537; *Streppone* v. *Lennon*, 143 N. Y. 626, distinguished.)

*United States Printing & Lithograph Co.* v. *Powers*, 196 App. Div. 934, reversed.

(Argued February 2, 1922; decided March 7, 1922.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 25, 1921, affirming a judgment in favor of plaintiff entered upon a verdict.

*Samuel F. Moran, John D. Monroe* and *Carl A. Rood* for appellant. The verdict was joint and indivisible; the order setting it aside as to the defendants Warner set it aside also as to the appellant, and the judgment appealed from is unsupported by any verdict or finding of fact and is a nullity. (1 Williston on Cont. § 322; 1 Parsons on Cont. [9th ed.] 11; *Nat. Surety Co.* v. *Seaich*, 171 App. Div. 414; *Rider L. R. Co.* v. *Roach*, 97 N. Y. 378; *McIntosh* v. *Ensign*, 28 N. Y. 169; *Smith* v. *Weston*, 81 Hun, 87; *Sharpe* v. *Baker*, 51 Ind. App. 547; *Sternberger* v. *Bernheimer*, 121 N. Y. 194; *Altman* v. *Hofeller*, 152 N. Y. 498; *St. John* v. *Andrews Inst.*, 192 N. Y. 382; *City of Buffalo* v. *D., L. & W. R. R. Co.*, 176 N. Y. 308.) If the judgment is not erroneous in its entirety, it exceeds the adjudicated liability of the appellant to the extent of two-thirds thereof, and is erroneous and reversible to that extent. (*Pangburn* v. *Buick Motor Co.*, 211 N. Y. 228; *Norton* v. *Coons*, 3 Den. 130; *Tobias* v. *Rogers*, 13 N. Y. 59; *Hood* v. *Hayward*, 124 N. Y. 1, 12; *Hard* v. *Mingle*, 206 N. Y. 179; *Waggoner* v. *Walrath*, 24 Hun, 443; 92 N. Y. 639; *Robertson* v. *Smith*, 18 Johns. 458; *Candie* v. *Smith*, 93 N. Y. 349; *Sessions* v. *Johnson*, 95 U. S. 347; *Mason* v. *Eldred*, 73 U. S. 231; *National Broadway Bank* v. *Hitch*, 66 Hun, 401; *O'Hanlon* v. *Scott*, 89 Hun, 44; *Oneida County Bank* v. *Lewis*, 23 Misc. Rep. 34; *United Press* v.

*Abell Co.*, 87 App. Div. 344.) In the light of the circumstances surrounding the parties, and upon the practical construction put upon it by them the guaranty must be construed as matter of law to be a guaranty only of the indebtedness of the film company existing at the date of the guaranty. (*Dwight* v. *Germania Life Ins. Co.*, 103 N. Y. 341; *Utica Co. Sav. Inst.* v. *Young*, 161 N. Y. 23; *Rankin* v. *Fidelity Trust Co.*, 189 U. S. 242; *Latimer* v. *Veader*, 20 App. Div. 418; *De Haven's Estate*, 236 Penn. St. 146; *Walla Walla* v. *Walla Walla Water Co.*, 172 U. S. 1; *Lamar Water & Electric Light Co.* v. *City of Lamar*, 140 Mo. 145; *Carlisle Water, Light & Power Co.* v. *City of Carlisle*, 31 Ill. App. 325; *Cunningham* v. *City of Cleveland*, 38 Fed. Rep. 657; *Wehrenberg* v. *Siefred*, 125 App. Div. 527; *Mission Church* v. *Ridley*, 167 App. Div. 392.) It was error to receive the testimony of plaintiff's witness Trauth to the effect that appellant, more than a month prior to the date of the written agreement, promised to guarantee the contract for the lithograph work. (*Dent* v. *N. A. Steamship Co.*, 49 N. Y. 390; *Hale* v. *Omaha Nat. Bank*, 49 N. Y. 629; *Manchester Paper Co.* v. *Moore*, 104 N. Y. 680; *White's Bank* v. *Myles*, 73 N. Y. 335; *Heffield* v. *Meadows*, L. R. 4 C. P. 595; *Thomas* v. *Scutt*, 127 N. Y. 133; *Murdock* v. *Gould*, 193 N. Y. 369; *Trustees* v. *Jessup*, 173 N. Y. 84; *U. C. Nat. Bank* v. *Gunn*, 222 N. Y. 204; *Mullen* v. *Washburn*, 224 N. Y. 413.)

*Manfred W. Ehrich, Howland O. Walter* and *Lucille C. Bunzl* for respondent. The liability of the defendants under the contract in suit is not joint, but several, or else joint and several. (Page on Contracts, § 2067; Wharton on Contracts, § 827; Beach on Contracts, § 672; *Carter* v. *Carter*, 2 Day, 442; *Nabors* v. *Producers Oil Co.*, 140 La. 985; *Virginia Coal Co.* v. *Virginia-Lee Co.*, 113 Va. 395; *National Surety Co.* v. *Seaich*, 171 App. Div. 414; *Lilly* v. *Hedges*, 1 Strange, 552; *State Bank* v. *Brown*,

96 App. Div. 441; 184 N. Y. 517; *Dart* v. *Sherwood*, 7 Wis. 446; *Alpaugh* v. *Wood*, 53 N. J. Law, 638; *Walter* v. *Rafalsky*, 113 App. Div. 223; 186 N. Y. 543.) Even if the obligation of the defendants under the contract in suit were joint, the setting aside of the verdict against the Warners, while allowing it to stand against Powers, would have been within the power of the trial court. (*Rogers* v. *Hosack*, 18 Wend. 318; *Whittemore* v. *Judd Linseed & Sperm Oil Co.*, 124 N. Y. 565; *Burson* v. *Kincaid*, 3 Pen. & W. 57; *Ostrander* v. *Hart*, 130 N. Y. 406; *Savage* v. *City of Buffalo*, 49 App. Div. 577; *Maneely* v. *City of New York*, 119 App. Div. 376; *Mahoney* v. *Prendergast*, 58 Hun, 611; *Koelsch* v. *Mixer*, 52 Ohio St. 207; *Central Banking & Security Co.* v. *U. S. Fidelity & Guaranty Co.*, 73 W. Va. 197; *Miller* v. *Gillespie*, 59 Mo. 220; *Hoxie* v. *Farmers & Mechanics Bank*, 20 Tex. Civ. App. 462; *Post* v. *Thomas*, 180 App. Div. 627; *Comstock* v. *Keating*, 115 Mo. App. 372.) The entry of a judgment against Powers pursuant to the orders of the trial court granting the motion of the Warners to set aside the verdict as to them and denying a like motion of the defendant Powers, did not operate to release the Warners nor to reduce the liability of Powers. (*Candee* v. *Smith*, 93 N. Y. 349; *Heckemann* v. *Young*, 134 N. Y. 170; *Waggoner* v. *Walrath*, 24 Hun, 443; 92 N. Y. 639; *Cox* v. *Maddux*, 72 Ind. 206; *Yoho* v. *McGovern*, 42 Ohio St. 11; *Olcott* v. *Little*, 9 N. H. 259; *Brown* v. *Birdsall*, 29 Barb. 549; *Merriman* v. *Barker*, 121 Ind. 74; *Rand* v. *Nutter*, 56 Me. 339; *Bradley Engineering Co.* v. *Heyburn*, 56 Wash. 628; *Beck, etc., Co.* v. *Wacker & Birk Co.*, 76 Fed. Rep. 10.) The guaranty agreement, considered in the light of the evidence produced upon the trial, could not be interpreted as intending anything but a guaranty of the lithographing account. (*Cronin* v. *Lord*, 161 N. Y. 90; *Simons* v. *First Nat. Bank*, 93 N. Y. 269; *Agawam Bank* v. *Strever*, 18 N. Y. 502; *Newcomb* v. *Kloeblen*, 77 N. J. Law, 791; 53 L. R. A. [N. S.] 724, 725; *Tischler*

v. *Hofheimer*, 83 Va. 35; *Doyle* v. *Nichols*, 15 Colo. App. 458; *Hotchkiss* v. *Barnes*, 34 Conn. 27; *Dover Stamping Co.* v. *Noyes*, 151 Mass. 342; *Bridgeport Malleable Iron Co.* v. *Iowa Cutlery Works*, 130 Iowa, 736; *Boehne* v. *Murphy*, 46 Mo. 57; *Scott* v. *Myatt*, 24 Ala. 489; *Batchelder, etc., Co.* v. *Saco Savings Bank*, 108 Me. 89; *Small* v. *Claxton*, 1 Ga. App. 83.) The testimony of the witness Trauth was properly admitted. (*Murdock* v. *Gould*, 193 N. Y. 369; *White's Bank* v. *Myles*, 73 N. Y. 335; *McKee* v. *DeWitt*, 12 App. Div. 617; *Bird* v. *Beckwith*, 45 App. Div. 124; *Tilden* v. *Tilden*, 8 App. Div. 99; *Austin* v. *Southworth*, 13 Misc. Rep. 45; *Mayer* v. *Nethersole*, 71 App. Div. 383; *Flager* v. *Hearst*, 62 App. Div. 18; *New York & New Haven Automatic Sprinkler Co.* v. *Andrews*, 38 App. Div. 56; *Potthof* v. *Safety Armorite Conduit Co.*, 143 App. Div. 161; *Rogers* v. *Straub*, 75 Hun, 264.)

*Abel Cary Thomas* and *Avrom M. Jacobs* for defendants, respondents. The trial justice had power to set aside the verdict as to the Warners without also setting it aside as to Powers. (*Whittemore* v. *Judd*, 124 N. Y. 565; *Finch* v. *Simon*, 61 App. Div. 139; *Hillas* v. *Fuller*, 143 N. Y. Supp. 15; *Hard* v. *Mingle*, 206 N. Y. 179; *Waggoner* v. *Walrath*, 24 Hun, 443; 92 N. Y. 639.)

Hiscock, Ch. J. On, prior and subsequent to August 26, 1913, the plaintiff was a corporation engaged in the business amongst other things of printing posters and lithographs for those engaged in the motion picture business, the Warners Features, Incorporated, was a corporation engaged in producing motion picture films and the individual defendants were officers of and interested in said latter corporation. This corporation was a reorganized successor to another corporation which had become indebted in the amount of several thousands of dollars to plaintiff for work and materials and it had

assumed such indebtedness. Prior to the date in question there had been negotiations between the two corporations looking to a contract under which the plaintiff should print and produce such posters as might be needed by the Warners Features, Incorporated, in its business and on said date three written contracts were executed by and between them. One was an agreement whereby the plaintiff was to supply to the Warners Features, Incorporated, and said latter corporation was to purchase from the plaintiff at prices and on terms therein set forth all the posters needed during a period of three years, and a second one in effect made the first one optional with the plaintiff giving it the right to furnish or not as it saw fit said posters; a third one was the contract which has become the subject of this litigation. It provided for a loan of $25,000 by plaintiff to the Features Corporation to be paid as therein specified, for certain protection to plaintiff in the way of representation on the board of directors of said latter corporation, inspection of its books, an option to purchase stock, subordination to its claims of any claims which the individual defendants might have against the Features Corporation and then contained a clause of guaranty of indebtedness by the individual defendants which has become the subject of construction and controversy in this litigation. Said clause read as follows: " The parties of the third, fourth and fifth parts (Powers and the two Warners) guarantee the performance of this contract by the Film Company (Warners Features, Incorporated) and the payment of any and all of its indebtedness to the Lithograph Company (plaintiff) granting to the Lithograph Company the privilege of extending such indebtedness from time to time as it may see fit and taking or surrendering security therefor."

Under the contracts thus executed the plaintiff loaned to the Features Company the sum of $25,000 as provided and in addition manufactured and sold to it posters and

materials of the value of many thousands of dollars and whereof the purchase price had not been paid at the time the vendee finally defaulted ·on its obligations and went into bankruptcy.   Thereafter this action was brought by plaintiff seeking to recover from defendants under their guaranty not only the indebtedness existing and assumed by the Features Company at the time the agreements mentioned were executed and the. sum of $25,000 loaned as therein provided but also the indebtedness for posters thereafter supplied under and in accordance with the terms of the contract at that time made.   The defendants admitting that their guaranty covered said sum of $25,000 and, as we understand the position of appellant at the present time, also the pre-existing indebtedness assumed by the Features Company, denied that said guaranty covered the indebtedness due to the plaintiff for posters and materials supplied after the instrument of guaranty was executed.

Under these circumstances three issues were contested or involved upon the trial.   These were the ones, *first*, whether the guaranty was simply a joint one or was several as well as joint; *second*, whether it covered the indebtedness arising for materials sold by the plaintiff to the Features Company after it was executed and, *third*, whether an agreement had been made by plaintiff releasing the Warners from liability on this guaranty either with or without the consent of the appellant, Powers.

The jury found a verdict against all of the guarantors for the full amount of the indebtedness claimed by plaintiff thus including the disputed items for materials sold after the guaranty was executed and necessarily thereby finding that the Warners had not been released.   A course of procedure was then adopted by the trial court and by the plaintiff which has given rise to additional questions presented upon this appeal.   The court set aside the verdict against the Warners on the ground that

it was against the weight of evidence upon the issue of their alleged release and granted a new trial generally as to them but refused to set it aside as against the appellant and plaintiff's counsel thereupon entered a judgment for the full amount of the verdict against the appellant, Powers. The result is that it is now claimed by the latter, *first*, that the verdict was upon a joint cause of action and could not be set aside as to the Warners and sustained as to him and, *second*, that the act of the plaintiff in entering judgment upon the verdict against him alone has merged the entire cause of action on the guaranty, has released the Warners, has destroyed appellant's right to contribution against them and, therefore, finally, placed plaintiff where it can only have judgment against him for his one-third share of the indebtedness covered by the guaranty. We pass to the consideration of these questions.

In reaching an interpretation of the meaning of the instrument of guaranty and a determination of the question whether it did cover indebtedness arising after it was executed, the trial court held that the language of the agreement was ambiguous, that it was, therefore, proper to permit evidence of the acts of the parties before, after and at the time said agreement was executed for the purpose of showing their intent and the sense in which the words were used and then permitting the jury to find the meaning of the words which were employed. The action of the trial justice in taking this course was sufficiently challenged by objections and exceptions which have survived so that the correctness of his course becomes a subject for consideration upon this appeal. We think that he pursued a proper course. We do not think that when the defendants guaranteed " The performance of this contract (the one in question) by the Film Company and the payment of any and all of its indebtedness to the Lithograph Company (plaintiff)" it can be said as matter of law that this language limited

the guaranty to the sum of $25,000 then agreed to be loaned and did not include indebtedness thereafter arising for materials furnished by plaintiff. The contract of which defendants guaranteed performance did provide for the loan by and a repayment to plaintiff of this sum of $25,000. But it also provided for certain protection in the way of directors and inspection of the books "so long as the Film Company shall be indebted to the Lithograph Company in any amount," and contemporaneously with the execution of this instrument there had been executed the other one already referred to which contemplated the manufacture and sale of posters by plaintiff to the Features Company. It seems to have been conceded by defendants that this guaranty covered a pre-existing indebtedness assumed by the latter company although it was not mentioned in the instrument of guaranty. Under all of these circumstances we believe that there was enough of ambiguity and uncertainty in the meaning of the words " payment of any and all " indebtedness so that it was proper to permit the introduction of parol evidence explanatory of the intent and meaning with which those words were used and then to allow the jury to find their meaning. ( *Utica City Nat. Bank* v. *Gunn*, 222 N. Y. 204; *Lamb* v. *Norcross Bros. Co.*, 208 N. Y. 427.)

We think that the guaranty executed by the defendants was joint only and not joint and several. It is a general rule so well established as not to require extended discussion that promises by two or more persons create a joint duty unless the contrary is stated. It is a general presumption of law that when two or more persons undertake an obligation they undertake jointly, words of severance being necessary to overcome this primary presumption. The fact that the interests of the obligors in the contract are diverse does not prevent the duty from being joint. (Williston on Law of Contracts, vol. 1, sec. 322; Parsons on Contracts, vol. 1 [9th ed.], 11.)

Starting out, therefore, with the presumption that

when the defendants executed this contract of guaranty they intended simply a joint obligation unless words were used indicating a contrary intention, we fail to find any words fairly indicating such intention. It is true as urged by plaintiff's counsel that the guarantors are separately described as parties respectively of the third, fourth and fifth parts and that there is acknowledgment of the receipt of one dollar as consideration by each of the parties to the contract. These terms in our opinion are merely formal expressions used in the drafting of a contract and are not to be taken too seriously. The substantial circumstances are that the three defendants having a common interest in the affairs of a corporation together and by one common promise guaranteed the performance of its contract. We are not ready to believe that they intended that the obligations of the guaranty which all of them thus undertook might be enforced against one or that the language which they used gives expression to any such intent. We think that their contract within the ordinary rules was a joint one and not joint and several.

Reaching the conclusion that the obligation executed by the defendants was only a joint one, we come to the question whether the trial justice proceeded properly when he set aside the verdict as to two of the defendants and denied the motion of appellant to set it aside as to him.

The enforcement of a joint obligation against several parties must necessarily lead to a verdict and judgment which are joint in their nature. The ordinary rule is that a judgment which is rendered jointly and commonly against several parties is entire and indivisible and cannot be reversed as to some and affirmed as to others in the absence of some statute permitting it. (*Farrell* v. *Calkins,* 10 Barb. 348; *Sheldon* v. *Quinlen,* 5 Hill, 441; *Story* v. *N. Y. & H. R. R. Co.,* 6 N. Y. 85; *St. John* v. *Andrews Institute,* 192 N. Y. 382, 386.)

It is true that it has been said that a judgment in equity may be reversed and a new trial granted as to some of the defendants who are joint obligors "where their interests and the issues between them are so far separate that upon a new trial the issues between the plaintiff and the defendants as to which it is affirmed will not be involved or determined; so that there cannot be two different and inconsistent judgments upon the same issue in the action * * *. If the subject or issue as to which a new trial is granted is so far separate and distinct from the other issues in the case, is one in which the party in whose favor it is granted is alone interested so that any judgment that may be rendered upon it can in no way affect the other parties who are joined with him, then, doubtless, the court would be authorized to grant a new trial as to one and affirm as to the others. In such a case the only parties interested are the plaintiff and the defendants as to whom the new trial is granted." (*Altman* v. *Hofeller*, 152 N. Y. 498, 506, 507.)

But assuming and not holding that the same rule would apply to a judgment in an action at law we do not see how that can be the aspect of the present case or how it can be said that the appellant would not be unfavorably affected· by allowing a judgment to stand against him for the full amount of plaintiff's claim while his co-guarantors were granted a new trial for the purpose of establishing that they were not liable on the guaranty. If the judgment is permitted to stand against appellant it can of course be enforced and he be compelled to pay the full amount of the claim. Ordinarily if under a joint judgment against him and his co-guarantors he was compelled to pay the full amount he would be entitled to contribution from them. But if, being compelled to pay in full the judgment now standing against him, his co-guarantors, as the court has indicated in its opinion should be done, secure a verdict to the effect that

they have been released upon their guaranty, it may be claimed that appellant would have no secure right of contribution. (*Waggoner* v. *Walrath,* 24 Hun, 443; affd., 92 N. Y. 639; *Hard* v. *Mingle,* 206 N. Y. 179.) Certainly, if the views of the trial court should prevail in an action brought by the appellant for contribution, or if it should be held therein that the guaranty did not cover indebtedness accruing after the guaranty was executed, we should have inconsistent judgments, one of them against appellant for the full amount of the claim on the theory that he would be entitled to contribution and another one that the co-guarantors had been released upon their undertaking or were not liable thereon and that, therefore, there was no right of contribution against them.

This situation is still further accentuated by another feature of the case. We assume that if the appellant, as is claimed, consented to the release of his co-guarantors he would be left liable for the entire amount of the indebtedness of which payment was guaranteed. Upon the present trial evidence was given tending to show that he did thus consent and if that evidence conclusively established that he did thus consent we might perhaps assume that it was an answer to appellant's claim of injury from the present situation. But in our opinion it did not conclusively establish such consent but presented a question of fact for the jury and certainly if upon a new trial against his co-guarantors plaintiff shall attempt to establish his consent to their release, appellant ought to have a chance to be heard upon that subject. Thus it seems to us that the case is one where a new trial has been granted to part of the defendants as to issues that affect all the parties, that they will all be interested in any judgment which may be rendered and that there should not be a judgment against one and a new trial in favor of others. If appellant's co-guarantors have been released without his consent the present judgment against him is erroneous. He, as well as they,

is interested in a determination of that issue and if part
of them are to have the right to a retrial, this privilege
should be extended to all. (*Altman* v. *Hofeller, supra*,
507.)

While the decisions which have been cited are those in
cases involving the question whether a judgment might
be affirmed in part and reversed in part we see no reason
why the same principles should not apply to the matter
of setting aside a verdict and granting a new trial as to
some defendants and refusing it as to others.   In fact
such is the law as it has been laid down in other juris-
dictions.   (*Loomis* v. *Perkins*, 70 Conn. 444, 448, 449.)

The case of *Morgan* v. *Smith* (70 N. Y. 537) is relied on
by respondent as opposed to the foregoing views.   The
decision in that case was adopted by a bare majority
of the court and we do not regard the reasoning of the
opinion as an authority against our views in the light of
more recent decisions.   It did uphold the action of the
lower courts in affirming a judgment against one joint
surety and reversing it as to another on the ground of
failure of consideration as to the latter.   The opinion
leaving undecided the question whether one joint obligor
would lose his right of contribution against another who
was discharged by the creditor, announces the rule that
even if he did lose such right, he would still be liable
for his share of the indebtedness, and that, therefore, the
instructions asked by the appealing surety of the court
that he had been wholly discharged by the release of the
other surety, were too broad and the refusal to so charge
did not constitute error.   This was followed by a dis-
cussion of the form of release necessary to effect a discharge
of joint debtors in England and in this country.   The
discussion as a whole does not seem to us to be opposed
to what we have written.

There remains the final question of the substantial ones
involved upon this appeal whether plaintiff by entering
judgment against appellant alone has discharged the

other guarantors and thus reduced the liability of appellant to the sum which he would have to bear without any right of contribution against them.

In the absence of statute providing otherwise, and there is no such statute applicable to this case, it is the rule that a plaintiff who enters judgment against one of several joint obligors causes a merger of his entire claim against all of the obligors in the judgment which he has thus entered and thenceforth cannot prosecute those who have been omitted from the judgment, and they would not be liable for contribution. (*Rider Life Raft Co.* v. *Roach,* 97 N. Y. 378, 382; *Candee* v. *Smith,* 93 N. Y. 349.) The underlying theory of this rule is the one that a plaintiff thus proceeding against one of his joint debtors has elected to hold him and to waive his rights against the others, and if under the circumstances of a given case this idea of election be rebutted and it appears that the course of the plaintiff has been dictated by other forces than his own choice the rule is not applied. Thus where in an action against the members of a firm to recover a firm debt a joint judgment was entered by default against all the defendants and which was subsequently on motion on behalf of one of the defendants vacated as to him, it was held that the rule did not apply and that said defendant who had been allowed to come in and defend could not set up a judgment against his joint debtor as a defense. (*Heckemann* v. *Young,* 134 N. Y. 170.)

It seems to us that this case comes within the exception to the general rule where a judgment has been entered against one of several joint debtors. The court misled and compelled the action by plaintiff which it took in entering judgment simply against appellant. In opposition to its protest the verdict was set aside as to two of the defendants and affirmed as to the remaining one and the plaintiff by the action of the court was forced to submit to a new trial as to part of the defendants and

to enforce its verdict as against the other one. Acting thus upon the order of the court which was granted in part at least against its opposition, we do not think that the plaintiff fairly can be said to have indicated a voluntary election to proceed against one of the defendants and to waive its rights as against the others. It simply took what the court gave to it and made the best of it. That was not election; it was obedience to compelling authority.

In addition to the questions already discussed various exceptions are argued as presenting error in the admission of evidence. Under the theory adopted by him of allowing parol evidence for the purpose of clearing the ambiguity existing in the written contract, the trial justice allowed evidence of declarations and acts by the appellant which was strenuously objected to. We do not deem it necessary to consider all of these objections, some of which may not arise again upon another trial, but shall content ourselves with the consideration of one piece of evidence which in our opinion was erroneously admitted.

A witness who was a salesman for the plaintiff was allowed to testify in substance that he had negotiations in behalf of plaintiff with appellant and others representing the Features Company for the purpose of securing the latter's business; that on one occasion in the course of these negotiations about six weeks before the contract of guaranty was executed he was informed by the appellant and others that he would be able to secure a contract for such business if the plaintiff would lend to the Features Company $25,000 and that appellant would guarantee the repayment of this loan. He was then further permitted to testify that he soon thereafter submitted this matter to the plaintiff and informed appellant and his co-guarantors that the plaintiff would not consider making the loan at all, but that "if they had any kind of a proposition to offer I would try and reopen the matter with the officers of our company and they then submitted

another proposition," and over objection and exception he was allowed to state that " Mr. Powers said he would guarantee the loan and the contract for the lithographing as well."

We do not think that this latter statement was competent for the purpose of showing the meaning of the written contract which was executed several weeks thereafter. While it is true that the rule is amply upheld that for the purpose of making clear the meaning of ambiguous language in a written contract the preceding and accompanying acts of the parties and to some extent their negotiations may be shown, we find no case which goes so far as to hold that a statement made by a party that he will execute a certain contract may be given in evidence, as indicating that a contract long thereafter executed by him did have the meaning contained in his prior promise. The statement made by appellant was as to the kind of a contract which he was willing to execute and it seems to us to be too remote to indicate the meaning of the contract which he actually did execute. After all, the written contract is the one which is binding and his willingness and intent to execute a certain contract as evidenced by his statements a long time before the written contract was executed may have yielded to a different purpose and intent.

The case cited by respondent which appears most strongly to sustain this evidence is the one of *Streppone* v. *Lennon* (143 N. Y. 626). In that case the question was litigated whether a contract simply included laying bricks or also included furnishing them. The court held that the written contract was ambiguous and allowed parol evidence for the purpose of removing the ambiguity, and as part of such evidence a conversation was testified to by one of the parties, occurring before the contract was made and wherein the other party said, " I furnish the brick — you lay the brick." This case, however, is not satisfactory authority upon the question now under

discussion for no sufficient objection to the competency and admission of this evidence was made. Being received without objection the court thereafter refused to strike it out and then, properly enough, gave consideration to it.

On the other hand we think that the exclusion of the evidence in question was called for under the rules laid down in *Dent* v. *North Amer. S. S. Co.* (49 N. Y. 390); *Hale* v. *Omaha Nat. Bank* (49 N. Y. 626); *Manchester Paper Co.* v. *Moore* (104 N. Y. 680); *White's Bank of Buffalo* v. *Myles* (73 N. Y. 335); *Thomas* v. *Scutt* (127 N. Y. 133.)

These views lead us to the conclusion that the order and judgment appealed from should be reversed and a new trial granted, costs to abide event.

HOGAN, POUND, CRANE and ANDREWS, JJ., concur; CARDOZO, J., dissents from so much of opinion as holds inadmissible evidence of declaration by appellant of willingness to execute guaranty; McLAUGHLIN, J., not voting.

Judgments reversed and new trial granted.