THE MARINE TRUST COMPANY OF BUFFALO, Respondent, *v.* HARRY H. RICHARDSON, Appellant.

Supreme Court, Erie County, June 13, 1939.

*Ethan W. Judd,* for the appellant.

*Persons & Blair [Charles F. Blair* of counsel], for the respondent.

HARRIS, J. This is an appeal from two orders of the City Court of Buffalo which orders denied the defendant-appellant's motions, first, to require the plaintiff to serve an amended pleading on the ground that there was a defect of parties defendant; and second, for judgment dismissing the complaint on the ground that the complaint does not state facts sufficient to constitute a cause of action.

The contention of the defendant-appellant is that the orders of the City Court herein should be reversed and the complaint herein dismissed on the ground that the instrument upon which suit has been brought is one establishing joint liability on the part of the obligors signing the same, one of which obligors is the defendant-appellant. The instrument is as follows:

" 'To the Bank of East Aurora:

" We request that you loan from time to time to the Mead School (either under that name or some name chosen subsequently) on such papers as may be deemed proper and that you may care to take, such sums as may be necessary for the erection of a school in the Village of East Aurora and for value received, we for ourselves and our heirs, executors and administrators, do hereby guarantee and become responsible for the payment of all such sums due on such paper, either to you or to your assigns.

" And we do for ourselves and for our heirs, executors and administrators, expressly promise and agree upon the default of the said Mead School, that we will pay all such sums provided that our

total liability shall not at any time exceed the sum of four thousand ($4,000.00) dollars and provided that our individual liability shall in no case exceed the sum of two hundred ($200.00) dollars.

" This agreement may be considered a collateral and continuing guarantee to the extent of above specified.

" In like manner, we do for ourselves and for our heirs, executors and administrators, also agree that no renewal or extension of the indebtedness hereby guaranteed or any part thereof, before or after the death of any party hereto, shall discharge or in any manner affect the liability of us, or either of us, or the estate of the deceased guarantor under this instrument of guarantee; This guarantee to be a continuing and binding obligation as against each of the guarantors hereto and his heirs, executors and administrators, to the extent herein set forth."

Applicable to the situation herein is section 194 of the Civil Practice Act in so far as it is quoted as follows: " Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants."

How there are to be determined the questions as to whether there is a joint or a several obligation or a joint and several obligation is well stated in section 112 of the Restatement of the Law of Contracts, which section sets forth the rule as follows: " Except as qualified by §§ 115, 116, where two or more parties to a contract promise the same performance to the same promisee they incur only a joint duty unless the contrary is stated, or unless the terms of the promise or the extrinsic circumstances indicate an intention on their part to be bound severally, or jointly and severally."

Sections 115 and 116 of such restatement as referred to in section 112 above quoted, have reference to expressions of intent in the use of the first person singular (§ 115) and section 116 applies to negotiable instruments. This court has examined the instrument which is the subject of the suit with the above restatement of the law in mind. The plaintiff-respondent claims that the instrument itself shows that the defendant-appellant and his co-obligor indicated intention to be bound jointly and severally. Such contention of the plaintiff-respondent is based on the following stated quotations from the instrument: " Our individual liability shall in no case exceed the sum of two hundred ($200.00) dollars " and " or in any manner affect the liability of us or either of us " and " as against each of the guarantors hereto and his heirs." With this contention this court cannot agree with the plaintiff-respondent because the court is of the opinion that the object of such language was to limit the maximum amount of the share of the total obligation which each obligor was to bear, and the words were not indicative of an

intention to sever the total obligation into definite amounts to be borne by each obligor. (*Delaware County National Bank* v. *King,* 109 App. Div. 553; *Sisto* v. *Bambara,* 228 id. 456.) (See, also, Restatement of the Law of Contracts, § 112.) The plaintiff-respondent further contends that the common law distinctions between joint obligors and joint and several obligors have been so materially affected by the provisions of article 8 of the Debtor and Creditor Law that all such obligations are now in legal effect joint and several. To sustain such contention the plaintiff-respondent refers to sections 231-240, inclusive, in such article of the Debtor and Creditor Law, but this court is unable to reach the conclusion that the plaintiff-respondent argues should be reached by the court. In the opinion of this court joint obligations have not been made joint and several obligations by reason of article 8 of the Debtor and Creditor Law, or by reason of any other provisions of law.

The sole intention, in so far as the burden of the obligations was concerned in the making of the instrument above quoted, was that the obligation was to be joint on the obligors, and the limitation of $200 was simply the maximum to which an individual obligor would be liable on the enforcement of the joint obligation as against all liable thereon.

The motions of the defendant-appellant should have been granted in the court below, and therefore such defendant-appellant may have an order reversing the orders of the City Court of Buffalo. Such order should include the dismissal of the complaint because, the obligation being joint, the total thereof is of greater amount than is within the jurisdiction of the City Court of Buffalo.