**GREENLEAF v. SAFEWAY TRAILS, Inc.**

**No. 138.**

Circuit Court of Appeals, Second Circuit.

Feb. 7, 1944.

Shereff Brothers, of New York City (Louis H. Shereff, of New York City, of counsel), for plaintiff-appellant.

Olcott, Havens, Wandless & Stitt, of New York City (John H. Jackson, of New York City, of counsel), for defendant-appellant.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

This is an action brought by Aaron S. Greenleaf, a citizen and resident of Kansas, against Safeway Trails, Inc., a Maryland corporation, for breach of contract. It was brought in the Supreme Court of New York County, was removed to the district court because of diverse citizenship and was tried to the court without a jury.

The complaint alleged that the defendant and another corporation named Eastern Trails, Inc. (not a party to the action) agreed with the plaintiff to execute a promissory note payable to his order and containing certain specified terms. The amended answer denied the making of the contract, asserted failure by the plaintiff to perform a condition precedent in respect to an audit, and pleaded as a second defense that the action had abated through failure to make Eastern Trails a party. The district judge found in favor of the plaintiff as to the making of the contract but in favor of the defendant as to non-performance of the condition precedent. He found also that Eastern Trails, a New Jersey corporation, was doing business within the southern district of New York throughout the pendency of the action and could have been made a party, but was not. He ruled that the plaintiff's failure to make Eastern Trails a party "ousts this court of jurisdiction." Accordingly judgment was entered dismissing the complaint for want of jurisdiction, with costs to the defendant. Both parties have appealed, the plaintiff contending that judgment on the merits should have been awarded in his favor, while the defendant urges that dismissal of the complaint should have gone on the merits instead of jurisdictional grounds.

■ In dismissing the action for want of jurisdiction we think the trial judge fell into error in his application of Rule 19 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Although the plaintiff argues quite persuasively from the extrinsic circumstances that Safeway and Eastern intended to be bound either severally or jointly and severally, we shall assume with the district court that the contract made them only joint obligors. See U. S. Printing & Lithograph Co. v. Powers, 233 N.Y. 143, 152, 135 N.E. 225; A. L. I. Contracts, § 112. But one of several joint obligors is not an indispensable party to an action against the others. Camp v. Gress, 250 U.S. 308, 316, 39 S.Ct. 478, 63 L.Ed. 997; Clearwater v. Meredith, 21 How. 489, 493, 16 L.Ed. 201. Under Rule 19(b), if applicable, the court should have cited in Eastern instead of dismissing the complaint. See Keene v. Hale-Halsell Co., 5 Cir., 118 F.2d 332. This would likewise have been the rule had the case not been removed from the state court. Pickhardt v. First Nat. Bank & Trust Co., 266 App.Div. 781, 41 N.Y.S.2d 502. However, we do not believe that Rule 19(b) required Eastern to be made a party. The condition of its applicability is that the absent party is a necessary party in order that complete relief may be accorded between those already parties. See 2 Moore's Federal Practice, Supp. 1942, p. 46, n. 1; Sauer v. Newhouse, D.C. N.J., 24 F.Supp. 911, 912. Complete relief can be accorded between the plaintiff and Safeway without the presence of Eastern as a party defendant. In Barney v. Baltimore City, 6 Wall. 280, at page 287, 18 L.Ed. 825, the court said:

"In the class of actions just mentioned at common law, the plaintiff, by his judgment against one of his joint debtors, gets the relief he is entitled to, and no injustice is done to that debtor, because he is only made to perform an obligation which he was legally bound to perform before. The absent joint obligors are not injured, because their rights are in no sense affected, and they remain liable to contribution to their co-obligor who may pay the judgment by suit, as they would have been had he paid it without suit."

And this is especially true under New York statutes which permit a joint obligor to be sued separately. See N.Y. Debtor & Creditor Law Consol.Laws, c. 12, § 232; N.Y. Civil Practice Act, §§ 1197–1201.

■ The district judge was of opinion that the rule declared in Camp v. Gress, 250 U.S. 308, 39 S.Ct. 478, 63 L.Ed. 997, and earlier cases to the effect that a joint obligor is not an indispensable party turned on statutory provisions now appearing as sections 50 and 51 of the Judicial Code, 28 U.S.C.A. §§ 111, 112, and were of no aid

in interpreting Rule 19. With this we disagree. The rule of Camp v. Gress was incorporated into Equity Rule 39, 28 U.S.C.A. § 723 appendix, which is the basis of the present Rule 19(b). 2 Moore's Federal Practice, pp. 2161–2. The new rule was not intended to turn the clock backward but was meant to liberalize practice as to joinder to the full extent compatible with doing justice between the parties in interest. As already stated, no injustice will be done either Safeway or Eastern by requiring the former to pay damages for nonperformance of its joint obligation to the plaintiff. We pass therefore to the merits of the controversy.

In order to provide for the contingency that his ruling on procedure might be reversed upon appeal, the district judge wisely made findings of fact sufficiently complete to enable us to dispose of the case *without sending it back for retrial.* From these findings the following facts appear: On October 22, 1940 Safeway and Eastern agreed with the plaintiff that they would execute a promissory note to his order for the amount of the total indebtedness owing to the plaintiff from both corporations, with interest thereon at 5% per annum to the date of the note. The note was to be dated immediately after an audit by a certified public accountant of the plaintiff's accounts with the corporations. The note was to provide for payment of $500 per month from its date, with interest at 5% per annum, and was to contain an acceleration clause whereby, in case of default in any monthly instalment, the plaintiff might by written notice cause the entire balance to become due and payable. On the date of the contract Safeway was not indebted to the plaintiff in any amount but Eastern was so indebted for some $18,000. Although no audit was had, Eastern made certain payments on account of its indebtedness after the making of the contract of October 22, 1940, and the balance owing to the plaintiff on December 1, 1942 was $14,765.63. The court expressly found that if the plaintiff were entitled to a recovery from Safeway in this action, the amount thereof should be $14,765.63 with interest at 6% per annum from December 1, 1942; and the defendant's counsel stated at folio 392 that "there is no issue in this case as to the amount of that indebtedness." The books of Eastern have not been in such condition as to enable anyone to make an audit of the plaintiff's account with it. The court ruled that such an audit by a certified public accountant was a condition precedent to the maintenance of the plaintiff's action for breach of the contract by Safeway and Eastern to give a promissory note for the amount of Eastern's indebtedness.

We think this ruling was erroneous. The procuring of an audit was not a condition precedent to be performed by the plaintiff. Exhibit 9, Mr. Roberts' letter of October 22, 1940 states that Mr. Schnebly, who was the president of Safeway, "has agreed that the audit of these accounts will be commenced immediately as soon as he can secure an accountant at a reasonable price." According to testimony of Mr. Henigen elicited by counsel for the defendant, Mr. Schnebly employed no certified public accountant to audit the books of Eastern until the summer of 1941. In the meantime Mr. Schnebly and other officers of Safeway and of Eastern had examined the latter's books and informed the plaintiff by exhibit 7 that its indebtedness to him was $18,395.53 as of January 15, 1941. Shortly thereafter a payment of $1,395.53 was made by Eastern to reduce its indebtedness to $17,000, and several monthly payments of $500, as contemplated by the contract of October 22, 1940, were subsequently made by Eastern. If the audit can be considered as a condition precedent to executing the note, the condition was waived both by the statement of account (exhibit 7) and by continuing to accept the benefits of the contract of October 22, 1940. See A. L. I. Contracts §§ 297, 298(1); Higbee Co. v. Cleveland Terminals Bldg. Co., 6 Cir., 106 F.2d 796. But for that contract the plaintiff could have demanded payment in full from Eastern instead of accepting monthly instalments. His forbearance was of benefit to both obligors in view of the contemplated merger of Eastern into Safeway.

In support of its appeal the defendant contends that it was entitled to dismissal on the merits because the contract of October 22, 1940 was not made by anyone authorized to act on its behalf and the unauthorized acts were never ratified by the defendant. The subject of ratification and the evidence relevant thereto were discussed in detail in the district court's opinion. Without repeating such discussion it will suffice to say that we agree with his conclusion that ratification was proven; at least we cannot say that this finding was clearly erroneous.

Accordingly the judgment is reversed and the cause remanded with directions to enter judgment for the plaintiff in the amount of $14,765.63 with interest thereon at 6% per annum from December 1, 1942.

CLARK, Circuit Judge (concurring).

I agree, but would add something on the point of party joinder. Defendant, by formally pleading the availability of Eastern as a party in its answer (using the Second Defense of Federal Form 20), could normally expect to sit back and await steps by its opponent and the court to correct the defect. It succeeded, however, in over-persuading the court to hold Eastern indispensable, in consequence of which the court made no attempt to bring Eastern in and the plaintiff presumably concluded it was hopeless to approach the court further after his motion to amend the finding of ouster of jurisdiction had been turned down. If by this chance defendant can now obtain a retrial of facts clearly and properly settled already, it has secured a purely procedural advantage, beyond its deserts either on the equities of this particular case or on the present New York law. As to the former, it appears unchallenged that Eastern is insolvent; it was a part of the agreements at the basis of this action that Eastern was to be merged in defendant; and defendant completely controlled Eastern by reason of an irrevocable proxy given by plaintiff to defendant's president for the very purpose of effectuating that control.[1] That defendant is the substantial, and Eastern only a formal, party is thus quite clear. As to the latter, the many statutory changes in the New York law of joint obligations, including Debtor and Creditor Law, § 232, passed in 1928, and Civil Practice Act, §§ 1185, 1197–1200, have established that joint obligors need not be sued together there, but may be sued successively. See Restatement, Contracts, N. Y. Annot. to §§ 117–121; 13 Corn. L. Q. 640. What vestiges may be left of the old law is still somewhat in doubt; the dearth of cases suggests that, unlike the old doctrine, the present rule is not obtrusive. It is true that Mr. Justice Harris of the Supreme Court has declined to hold that joint obligations have become completely joint and several.

Marine Trust Co. of Buffalo v. Richardson, 171 Misc. 556, 12 N.Y.S.2d 834. But that case and Pickhardt v. First Nat. Bank & Trust Co., 266 App.Div. 781, 41 N.Y.S.2d 502, show that whatever rights a defendant co-obligor may still have, they amount at most only to a request or demand that his joint associate be brought into the case if legally available, a right only to be exercised by a "motion to correct" under Rule 102, Rules of Civil Practice of New York, and waived by answer. Under these circumstances of fact and law I think it doubtful that Eastern should be thought more than a proper party here; in any event, in the present posture of the case failure to have brought Eastern in below is at most a defect not affecting the substantial rights of the parties or requiring a retrial of the facts. F. R. C. P. rule 61.

---

[1] Defendant now urges that Eastern still continued to operate, even though it could not pay off its debts, and that the proxy had been returned to plaintiff before suit was brought. But the point is that, whatever the legal form, to the parties at the time Eastern was the unimporant and dominated part of the combine, rather than a co-equal promisor.