■ CLARA HORYCZUN, as Administratrix of the Estate of STEPHEN HORYCZUN, Deceased, et al., Plaintiffs, v. COUNTY OF NASSAU et al., Defendants. LONG ISLAND RAIL ROAD COMPANY, Third-Party Plaintiff-Appellant, v. CONTINENTAL CASUALTY COMPANY et al., Third-Party Defendants-Respondents.— In a third-

party action which was severed from an action to recover damages for wrongful death and conscious pain and suffering, the third-party plaintiff, The Long Island Rail Road Company, appeals from an order of the Supreme Court, Nassau County, dated November 26, 1971, which denied its motion for summary judgment against the third-party defendants directing them to assume the defense of the main action as to appellant (under a policy of insurance), to indemnify it, and to compensate it for counsel fees and expenses. The Special Term treated the third-party action as one for a declaratory judgment. Order reversed, on the law, with $10 costs and disbursements; motion granted and judgment is directed to be entered declaring that the third-party defendants are obligated to (1) assume the defense of the third-party plaintiff in the action against it entitled Clara Horyczun, as administratrix, against County of Nassau and others, (2) indemnify the third-party plaintiff to the extent of the limits of policy number ARL 1869069 and (3) compensate the third-party plaintiff for the reasonable costs and expense of counsel fees in the defense of said action. The case is remitted to the Special Term for the making of an appropriate order directing assessment of such reasonable costs and expense of counsel fees. In our opinion there are no factual issues raised by the record which require a trial. The insurance policy clearly provides that it does not terminate until notification of acceptance by the governmental unit. Here, that acceptance occurred after the accident. Any attempt to establish that the policy was to terminate upon the commencement of normal train service would violate the merger clause in the contract and the parol evidence rule and would contradict the terms of the contract (*Taylor* v. *United States Cas. Co.,* 269 N. Y. 360, 363; *United States Print. & Lithograph Co.* v. *Powers,* 233 N. Y. 143, 159; *Manufacturers Trust Co.* v. *Palmer,* 13 A D 2d 772). Furthermore, there is no issue raised by this record as to whether the accident occurred within 50 feet of the job site as described in the insurance contract. Finally, there is nothing herein to establish either the existence of other policies of insurance or that such policies would alter the obligations of the third-party defendants. Munder, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.