**Edward D. SMITH et al., Plaintiffs,**

v.

**Ernest M. MANDEL, Defendant.**

**Civ. A. No. 74-1542.**

United States District Court,
D. South Carolina,
Columbia Division.

Jan. 9, 1975.

Rudolph C. Barnes, Jr., Barnes, Austin & Ellison, Columbia, S.C., F. Carlton King, Jr., Hansell, Post, Brandon & Dorsey, Atlanta, Ga., for plaintiffs.

Jacob H. Jennings, Jennings & Jennings, Bishopville, S.C. and John M. Sikes, Jr., Lipshutz, Macey, Zusmann & Sikes, Atlanta, Ga., for defendant.

## ORDER

ON DEFÉNDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12 (b)(7).

HEMPHILL, District Judge.

## STATEMENT OF FACTS

Plaintiffs herein are trustees of Tri-South Mortgage Investors, a business trust organized under the laws of Massachusetts and having its principal office in Atlanta, Georgia. A named trustee is a resident of South Carolina; none of the trustees reside in Florida.

The defendant, Ernest Mandel, is a resident of Florida. The defendant and Jeffrey Mandel had joined together in a venture known as The Mandel Partnership, which had been organized pursuant to the laws of South Carolina. On June 21, 1973, The Mandel Partnership borrowed Four Million Four Hundred Thousand ($4,400,000.00) Dollars from Tri-South. The loan was payable in installments. On that same date the defendant, in his individual capacity, executed and delivered to Tri-South a "Guaranty Agreement," guaranteeing repayment of the Partnership debt plus interest, costs and penalties. Neither the Mandel Partnership nor Jeffrey Mandel were named as defendants in the original action; suit was based solely on the "Guaranty Agreement." The defendant counterclaimed, asserting claims of the Partnership but not requesting its joinder. After Tri-South answered, the defendant moved that The Mandel Partnership "should be joined as a defendant, or this action dismissed."

## CONCLUSIONS OF LAW

In a diversity action, the substantive law of the forum is controlling. Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). South Carolina substantive law states that individual partners are legal entities, separate and distinct from the partnership. Palmetto Production Credit Ass'n v. Willson, 257 S.C. 13, 183 S.E.2d 565 (1971). South Carolina law permits a lender to by-pass the primary obligee and proceed initially against the guarantor. Heil-Quaker v. Swindler, 255 F. Supp. 445, 448 (D.S.C.1966); United States v. Kohn, 243 F.Supp. 293 (W.D. S.C.1965); Georgian Co. v. Britton, 141 S.C. 136, 139 S.E. 217 (1927); S.C.Code Ann. § 10–206 (1962).

The situation presented herein is analogous to that faced by the court in First National Bank of South Carolina v. United States Fidelity and Guaranty Co., 373 F.Supp. 235 (D.S.C.1974). In that case a bank had brought an action against the performance surety of a defaulted contractor for the construction of a housing project, seeking to recover on the contractor's performance and payment bond for a loan made to the contractor and secured by retainages. The premium charged by the surety had been included in the contractor's bid. The court noted that payment of the premium was designed to insure completion and that the surety:

> [W]as to take on the risks of non payment that would otherwise be borne by those who contributed to the public project. Having been compensated to take such a risk, no sort of justice requires that the burden of that risk be diminished because, fortuitously, the bank made loans which were used to discharge obligations the bonding company would have been required to pay . . . .

*Id.* at 240. Here, Tri-South lent funds to The Mandel Partnership only after

requiring a guarantor. In order to obtain the loan for the Partnership, the defendant signed a guaranty agreement, accepting the risk of possible partnership default. Tri-South has alleged such a default, which, if proven, entitles it to proceed directly against the defendant in his capacity as guarantor.

■■ Proper application of Federal Rule of Civil Procedure 19, however, is a matter of federal, and not state, law. The Supreme Court has observed that:

> [S]tate-law questions may arise in determining what interest the outsider actually has . . ., but the ultimate question whether, given those state defined interests, a federal court may proceed without the outsider is a federal matter.

Provident Tradesmens Bank and Trust Co. v. Patterson, 390 U.S. 102, 125, n. 22, 88 S.Ct. 733, 746, 19 L.Ed.2d 936 (1968). Therefore while state decisions as to the nature of a particular legal interest are controlling, state classifications to be applied to non-joined persons are not binding on federal courts. Ford Motor Credit Co. v. Beard, 45 F.R.D. 523 (D.S.C.1968). The Supreme Court has emphasized that:

> The decision whether to dismiss (i.e., the decision whether the missing person is "indispensable") must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves and some subject to balancing against opposing interests.

*Provident Tradesmens, supra,* 390 U.S. at 118–19, 88 S.Ct. at 743.

Rule 19(a) defines those persons who should be joined as parties to the lawsuit and includes those whose joinder is not feasible and who ultimately may be regarded as indispensable under Rule 19(b). *Id.* Rule 19(a) is applicable whenever non-joinder would preclude complete relief from being accorded to those already parties or whenever the *absentee* " . . . claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may . . . " either impede his ability to protect that interest or leave a party subject to a substantial risk of incurring " . . . inconsistent obligations because of his claimed interest." Fed.R.Civ.P. 19(a). Therefore the court must determine whether non-joinder in the instant case would violate the provisions of Rule 19(a).

■ The "complete relief" standard of Rule 19(a)(1) is designed to insure that all persons who have an interest in the litigation are present so that any relief to be awarded will effectively and completely adjudicate the dispute. Evergreen Park Nursing & Convalescent Home, Inc. v. American Equitable Assurance Co., 417 F.2d 1113 (7th Cir. 1969). By avoiding repetitious lawsuits on the identical subject, interests in judicial economy are served. *Id.* It is frequently noted that "indispensable parties" must be joined to insure that complete relief will be granted. "Indispensable parties" were defined by the Supreme Court as those

> [P]ersons who not only have an interest in the controversy but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience.

Shields v. Barrow, 17 How. 130, 139, 15 L.Ed. 158 (U.S.1855). Several courts have attempted to express a specific test which would encompass the intent of the language in the *Shields* case. *See, e.g.,* Morelli v. Northwest Engineering Corp., 30 F.R.D. 522, 523 (E.D.Wis.1962);

Marsden v. Southern Flight Service, Inc., 192 F.Supp. 418, 421 (M.D.N.C. 1961). The Court of Appeals for the Eighth Circuit recently narrowed the question to consideration of "two essential tests of an indispensable party: (1) can relief be afforded to the plaintiff without the presence of the other party? (2) can the case be decided on the merits without prejudicing rights of the other party?" Sandobal v. Armour & Co., 429 F.2d 249, 257 (8th Cir. 1970). Since relief obviously may be granted to the plaintiff without the joinder of the partnership, consideration will be directed at the second half of the *Sandobal* test.

■ The contention that certain defenses and a counterclaim are based on claims of the partnership and not the individual defendant is of slight importance in considering the question of whether the partnership is indispensable to this action. That a separate and distinct entity may have claims against a party plaintiff, which claims may be asserted elsewhere, has no bearing on the determination of whether that entity is indispensable to an action in federal court. Insofar as defenses are concerned, defendant Mandel as guarantor may in this action avail himself of all defenses which would otherwise be available to the primary obligor, and there is no need to have that primary obligor before this court to achieve that end.

In Isdaner v. Beyer, 53 F.R.D. 4 (E. D.Pa.1971), certain partners were before the court while other partners had not been joined. The court found that "as a practical matter the non-joined partners will not be prejudiced." The court undertook a "realistic analysis of the factual situation" and concluded that any adverse effect was more theoretical than real, inasmuch as it appeared that the interests of the non-joined partners would be well represented by the partners before the court. Inasmuch as defendant Mandel is, in addition to being an individual guarantor, a general partner in The Mandel Partnership, it is only logical to assume that he, through counsel, will adequately and vigorously protect the interests of the partnership insofar as defenses to plaintiffs' claim are concerned, and that he will pursue any rights of the partnership against these plaintiffs in a separate action in an appropriate court.

As long ago as 1858, the Supreme Court of the United States concluded that where one of several guarantors was beyond the court's jurisdiction, an action against the remaining obligors could go forward. Clearwater v. Meredith, 21 How. 489, 16 L.Ed. 201 (1858). The same rationale holds true in the instant case. Even if defendant Mandel and The Mandel Partnership were joint obligors as to these plaintiffs, which they are not, it has been held that "one of several joint obligors is not an indispensable party to an action against the others." Greenleaf v. Safeway Trails, Inc., 140 F.2d 889, 890 (2d Cir. 1944). See also Camp v. Gress, 250 U.S. 308, 316, 39 S.Ct. 478, 63 L.Ed. 997.

Quoting from Barney v. Baltimore City, 6 Wall. 280, 287, 18 L.Ed. 825, the Second Circuit in *Greenleaf, supra,* stated:

> In the class of actions just mentioned at common law, the plaintiff, by his judgment against one of his joint debtors, gets the relief he is entitled to, and no injustice is done to that debtor, because he is only made to perform an obligation which he was legally bound to perform before. The absent joint obligors are not injured, because their rights are in no sense affected, and they remain liable to contribution to their co-obligor who may pay the judgment by suit, as they would have been had he paid it without suit.

If, as thus noted by the Supreme Court, the non-joinder of a joint obligor prejudices neither plaintiff nor defendant, there is even less reason to argue that either plaintiff or defendant would be

prejudiced in any way in a situation such as is presented here, wherein the defendant and nonparty are *not* joint obligors. In *Greenleaf*, the Second Circuit noted that the above quoted language from Barney v. Baltimore City was "especially true under New York statutes which permit a joint obligor to be sued separately." 140 F.2d at 890. The decision in *Greenleaf* did not become invalid after adoption of the 1966 changes to Rule 19. In Southern Ry. System v. Leyden Shipping Corp., 290 F.Supp. 742 (S.D.N.Y.1968), the District Court held that a consignee's obligation to pay freight charges on goods delivered to it, in the absence of exoneration, was an independent one, and there was no requirement that the carrier proceed initially or jointly against others liable for freight charges, including demurrage. Accordingly, even if the railroad carrier, for business reasons, sought collection of demurrage charges from consignee rather than from the parties who might be primarily liable, such as the shipper, joinder of the shipper or consigner was not dictated by the indispensable party rule. Inasmuch as South Carolina law permits a guarantor to be sued separately, the language in *Greenleaf* is applicable here also.

Considering a New York law, which provides that partners are jointly liable for a contractual obligation of the partnership, a New York federal court has held that an action can be continued without joining one of the partners if he cannot be served with summons. Jones Knitting Corp. v. A. M. Pullen & Co., 50 F.R.D. 311 (D.C.1970). That court went on to hold that partners, though jointly liable rather than jointly and severally liable, were not indispensable. *Id.* Inasmuch as South Carolina law is in accord with that New York law with respect to joint liability, S.C.Code Ann. § 52–27 (1962), the holding of the New York federal court is equally applicable here. In the instant case defendant Mandel *individually* is not jointly liable

on the guaranty with The Mandel Partnership under the laws of South Carolina. However, even if he were, the *Jones Knitting Corporation* case squarely holds that joint obligors are *not indispensable*.

Numerous federal courts have held that if the absent entity is not indispensable under Rule 19, then he should not be made a party if his joinder would have the effect of destroying the federal court's diversity of citizenship jurisdiction. *See* Bennie v. Pastor, 393 F.2d 1 (10th Cir. 1968); Resnik v. La Paz Guest Ranch, 289 F.2d 814 (9th Cir. 1961); Peoples Loan & Finance Corporation v. Lawson, 271 F.2d 529 (5th Cir. 1959), cert. denied 362 U.S. 903, 80 S.Ct. 613, 4 L.Ed.2d 555; Dunham v. Robertson, 198 F.2d 316 (10th Cir. 1952); Heath v. Aspen Skiing Corp., 325 F. Supp. 223 (D.Colo.1971); Imperial Appliance Corp. v. Hamilton Manufacturing Co., 263 F.Supp. 1015, 1018 (D. Wis.1967); Federated Mutual Implement & Hardware Ins. Co. v. Zimmerman, 33 F.R.D. 8 (D.Kan.1963); Williams v. Missouri Pacific Railroad Co., 24 F.R.D. 14 (D.Tex.1959); London Lancashire Indemnity Co. of America v. Reid, 156 F.Supp. 897 (D.Pa.1957). The meaning of Rule 19 of the Federal Rules of Civil Procedure with respect to circumstances such as are presented here was succinctly stated by the Fourth Circuit in City of Orangeburg v. Southern Railway Company, 134 F.2d 890, 893 (1943):

This provides that when persons are *not indispensable,* but ought to be parties if complete relief is to be accorded, the court shall order them summoned to appear if they can be made parties *without depriving the court of jurisdiction; and also that the court in its discretion may proceed without making such persons parties if their joinder would deprive the court of jurisdiction of the parties before it,* but in such case the judgment rendered

does not affect the rights or liabilities of absent persons. (Emphasis added.)

Inasmuch as one of the plaintiff trustees is a resident of South Carolina, and The Mandel Partnership and one of its two general partners, Jeffrey Mandel, are also residents of South Carolina, the complete diversity demanded in Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435 (1906), and its progeny, would not be present if The Mandel Partnership was joined as a party defendant as urged in defendant's motion. Defendant Mandel has completely ignored the legal distinction between the partnership and him, and has haphazardly combined the two separate and distinct entities in his motion, the granting of which would result in the defeat of this court's jurisdiction, which plaintiffs have properly invoked.

Defendant Mandel has made no showing that The Mandel Partnership is an indispensable party within the meaning of Rule 19 of the Federal Rules of Civil Procedure. Further, he has failed entirely to demonstrate in any fashion why this court could not proceed in the absence of the partnership and do so in equity and good conscience. Defendant Mandel in his *individual* capacity will in no way be prejudiced by the non-joinder of the partnership inasmuch as he may still assert valid defenses to plaintiffs' claim, and the partnership will in no wise be prejudiced inasmuch as it will not be bound by the judgment herein, and it may pursue any affirmative relief to which it is entitled in a court of competent jurisdiction. Furthermore, as a practical matter, the interests of the partnership will obviously be well served by defendant Mandel's representation of his own interests. This case may therefore be decided on the merits without prejudicing rights of the defendant or absent parties.

Since The Mandel Partnership is not a person "to be joined if feasible," Rule 19(a), this court need not consider the factors listed in Rule 19(b).

Accordingly, the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7) is denied.

And it is so ordered.